## William Webber, Appellant, v. Gottlieb Vogel.

*Mines and mining—Ownership of space occupied by coal—Right of way.*
   In the case of a sale of coal and severance of it from the surface, the title of the grantee or léssee is an estate in fee simple in the coal, and while such estate exists the owner has the right to haul through the gangways coal mined from other and adjoining land.   Lillibridge v. Lackawanna, 143 Pa. 293, followed.   The estate, however, terminates with the exhaustion of the coal.   The owner of the land above and below has the right to a reversion of the space occupied by the coal within the time contemplated by the parties when they severed that peculiar part of the land from its horizontal adjoiners.

Argued Nov. 4, 1898.   Appeal, No. 124, Oct. T., 1898, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1897, No. 789, on bill in equity.   Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Bill in equity for an injunction.   Before SHAFER, J.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was decree dismissing bill.

*E. G. Ferguson*, with him *L. C. Barton* and *J. S. Ferguson*, for appellant.—Where a deed conveys all the merchantable coal lying and being within certain boundaries, with the free and uninterrupted right of way for the purpose of digging, mining

and carrying away the said coal, the grantee in the deed, or his successor in title, has no right to take through the pit, or over the surface of the tract, coal from an adjoining tract owned by him: Webber v. Vogel, 159 Pa. 235.

*T. S. Brown,* with him *W. G. Stewart,* for appellee.—Where the owner of the coal, by pillars of coal left by artificial support, keeps up the overlying strata and maintains an open way for transportation, ventilation or drainage, etc., in the space from which he has taken the coal, he has a right to the space kept open; but when he takes out all the coal from the whole or a portion of the land, and thus necessarily lets down the strata belonging to the owner of the surface, filling the space from which he has taken the coal, his right to such space is ended: Moreland v. Frick Coke Co., 170 Pa. 33; Plummer v. Iron & Coal Co., 160 Pa. 483; Algonquin Coal Co. v. Northern Iron & Coal Co., 162 Pa. 114; Sanderson v. City of Scranton, 105 Pa. 469; Powell v. Lantzy, 173 Pa. 543; Mansfield C. & C. Co. v. Royal Gas Co., 44 P. L. J. 70; Lance v. Lehigh, etc., Coal Co., 163 Pa. 84; Rockafellow v. Hanover Coal Co., 12 Pa. C. C. R. 241; Barrington & Adams, Mining Laws of the U. S. p. 585.

When a thing is granted, all the means to obtain it are granted with it: Howell v. McCoy, 3 Rawle, 256; Rankin's App., 1 Monaghan, 308; Seibert v. Levan, 8 Pa. 383; Dobbins v. Grace Church, 153 Pa. 294.

OPINION BY MR. JUSTICE DEAN, January 2, 1899:

Eliza Lewis and Eliza H. Lewis, being the owners in fee of about fifteen acres of land in Wilkins township, Allegheny county, conveyed to Albert H. Sutton all the merchantable coal underlying it; from Sutton, by regular conveyance, the title to the coal became vested in one Jacob Weinman, who leased it to Gottlieb Vogel, the defendant; by the terms of the Lewis deed to Sutton, the latter was granted a right of way into, upon and under the land, at such points and in such manner as might be necessary for purpose of mining the coal; the coal having already been worked to a considerable extent, he was further granted the right to use the tramways then in the mine and the platform connected therewith.

On January 9, 1885, the Lewises conveyed thirteen acres of this land, under which lay the coal, to William Webber, who of course took subject to the deed to Sutton. Jacob Weinman, the lessor of Vogel and grantee under the Sutton deed, also owned an adjoining tract of land underlaid with coal, which he had also leased to Vogel. Vogel thus being lessee of the Weinman and Lewis coal, the seam being the same and persistent under both tracts claimed the right under his lease of the Lewis coal, to use a road or way over the surface of Webber's land in working the coal on the Weinman tract; and further claimed the right to transport through the underground gangways in the Lewis tract, the rock and gob excavated on the Weinman tract, and deposit the same on the land of Webber at the pit's mouth. Webber denied the right of Vogel, and brought trespass against him. The judgment was for plaintiff, which on appeal to this Court, was affirmed. Webber, claiming that his right was de termined by the judgment in that case, filed this bill to restrain Vogel from transporting any of the coal mined in the Weinman tract under, through or over the Lewis tract; and from transporting any of the coal mined in the Weinman tract under, through or over the Lewis tract; and from transporting any slack refuse or débris produced from the Weinman tract in the same way. The bill further prayed an injunction to restrain Vogel from the use of a ventilating shaft in proximity to Webber's house. The answer of defendant admitted the material facts averred by plaintiff, but he claimed the right to transport coal through the underground gangways of the Lewis land. The learned judge of the court below, noticing the conflict between the opinions in Lillibridge v. Lackawanna Coal Co., 143 Pa. 293, and Webber v. Vogel, 159 Pa. 235, came to the conclusion, it was not the intention of this Court in the latter case to overrule the former and therefore sustained the defendant's contention and dismissed the bill. Hence this appeal by plaintiff, who assigns for error the decree.

An examination of the questions at issue in Webber v. Vogel, supra, shows that the main contention there, was, as to the right of Vogel to deposit slack and refuse from the Weinman tract on Webber's land at the pit's mouth, and the right to haul coal over the surface of the same land to the Greensburg turnpike; if in so doing he trespassed on Webber, then what damage had

the latter suffered? He complained that cultivation of his land had been interrupted by the hauling over the surface, and a serious burden had been imposed by depositing the refuse of other coal mines upon it. The jury assessed his damages at $50.00. An examination of the charge of the court in that case shows that neither party considered the hauling of coal through the underground gangways as of much consequence. On the appeal the burden of complaint as to error, was the failure of the court to instruct the jury, that if they found that one Kelly, a former owner of both tracts, who had opened the coal on both, had imposed a visible servitude of right of haulage over and under one tract in favor of the other, then Webber took his tract subject to such servitude, and could not recover. It was held by this Court, opinion by THOMPSON, J., that the principle invoked by appellant did not apply to the facts of the case, because, by the terms of Sutton's deed, the right to the coal carried with it only the right to haul under the one tract, the coal mined from that tract. This question had not been raised in the argument; the verdict of the jury on the evidence, as to the use of the surface for hauling and dumping of the refuse amply established plaintiff's right to his judgment, and it might well have been rested on that; for it was clearly shown that both were trespasses. Lillibridge v. Coal Co., supra, was not mentioned in the opinion and was not cited by counsel. It was not the intention of this court to overrule it. That case was argued, then held under advisement, and reargued before a full bench; after a most careful consideration, it was held by a majority of the Court, in an exhaustive opinion by our Brother GREEN, that in case of severance the title of the lessee was an estate in fee simple in the coal, and while such estate existed, the owner had the right to haul through the gangways coal mined from other and adjoining land. While there were three dissents from that judgment, we have since strictly adhered to the principles announced in it; for eight years it has stood as the law, and has become a settled rule of property in the great mining regions of the commonwealth. In reliance upon it, capital has been invested and mining corporations organized. We are not disposed to disturb it; would not even if we doubted it. While this is our settled opinion, we do not intend that the rule in that case shall be extended beyond what was plainly de-

cided. While there exists by the deed to the grantee an estate in fee simple in the severed coal, and his right to the space mined out will not be distinguished from that in which the coal remains unmined, that estate, except in very rare cases, has no badge of perpetuity. In nearly every case, the instrument itself discloses the intention of the parties, that the coal shall be mined; that is, that the subject of the grant shall soon be exhausted or consumed; it is severed from the under and overlying land for the purpose of turning it into money; it would not only be a perversion of the intention to merely use such an estate to reach other coal, but such use would be a continual menace to the stability of the surface; no owner of the upper land could tell when his estate would cease to be disturbed by workings underneath. It was intended to go no further in the case cited, than to hold, that while the purchaser of the coal was in good faith mining out his coal, his right to the use of the space made vacant by his workings as they progressed, could not be successfully obstructed by the owner of the surface; and not that by the purchase of the coal, he obtained an undisputed and perpetual right of way under another's land. The owner of the land above and below has a right to the reversion of the space occupied by the coal within a time contemplated by the parties when they sever that peculiar part of the land from its horizontal adjoiners.

The decree is affirmed.