# Weisfield, Appellant, *v.* Beale.

*Mines and mining—Coal lands—Easements—Right of transportation across surface—Practice, C. P.—Form of action—Trespass, Q. C. F.—Act of May 25, 1887, P. L. 271—Bankruptcy—Provable claims.*

1. A party who purchases the surface of a tract of land subject to the right of the owner of the underlying coal to transport the coal across the surface of the land may recover damages in an action of trespass against the owner of the coal for the transportation across the land of coal taken from a mine upon an adjoining tract of land.

2. In such case the fact that the declaration was in trespass quare

clausum fregit will not prevent a recovery, inasmuch as the distinction between trespass quare clausum fregit, in which actual or constructive possession in the plaintiff was necessary, and trespass on the case in which it was not necessary is not of importance, as regards form of procedure, since the Act of May 25, 1887, sec. 3, P. L. 271.

*Bankruptcy—Provable claim—Unliquidated claims in tort—Discharge —United States bankruptcy act of 1891, sec. 63b—United States act of February 5, 1903.*

3. A claim for unliquidated damages resulting from injury to the property of another, not reduced to judgment and unaccompanied and unconnected with any contractual or quasi contractual liability, is not provable in bankruptcy under clause *b* of sec. 63 of the United States bankruptcy law of July 1, 1898.

4. Section 63 of the United States bankruptcy law of 1898 was not enlarged by the act of congress of February 5, 1903 (32 U. S. Stat. at Large, 797), amending sec. 17, which relates to debts not affected by a discharge.

Argued Jan. 16, 1911. Appeal, No. 19, Oct. T., 1911, by plaintiff, from judgment of Superior Court, April T., 1910, No. 133, reversing judgment of C. P. Armstrong Co., Sept. T., 1908, No. 168, and entering judgment non obstante veredicto for defendant in case of C. A. Weisfield v. Joseph G. Beale. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Reversed.

Appeal from Superior Court. See 44 Pa. Superior Ct. 386.

Trespass in the common pleas to recover damages for unlawful transportation of coal over surface of land. Before PATTON, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $1.00. On appeal the Superior Court entered judgment for defendant non obstante veredicto.

*Error assigned* was judgment of Superior Court.

*Harry C. Golden,* for appellant.—The plaintiff was entitled to recover under the pleadings: Duffield v. Rosenzweig, 144 Pa. 520; Miller v. Lehigh County, 181 Pa. 622;

Webber v. Vogel, 159 Pa. 235; McCloskey v. Miller, 72 Pa. 151; Allwein v. Brown, 29 Pa. Superior Ct. 331.

An unliquidated claim in tort is not provable in bankruptcy or discharged by a discharge in bankruptcy: In re Hirschman, 4 Am. Bankcy. Reps. 715; Dunbar v. Dunbar, 10 Am. Bankcy. Reps. 139; 190 U. S. 340; Matter of John Wigmore & Sons Co., 10 Am. Bankcy. Reps. 661; Matter of United Button Co., 15 Am. Bankcy. Reps. 390; Brown & Adams v. Button Co., 17 Am. Bankcy. Reps. 565; In re Crescent Lumber Co., 19 Am. Bankcy. Reps. 112; Matter of New York Tunnel Co., 159 Fed. Repr. 688; 20 Am. Bankcy. Reps. 25.

*H. B. Wassell*, with him *C. E. Harrington*, for appellee.

OPINION BY MR. JUSTICE POTTER, March 20, 1911:

The plaintiff in this case purchased the surface of the Donley tract of land, subject to the right of the defendant, the owner of the coal under the tract, to have, as expressed in the deed, "free ingress and free egress over and through the land of the first party, so as to allow the said party of the second part, his heirs and assigns, to take out and carry off the said coal or coals as he or they may consider necessary, with the right and privilege to use the entries for any purpose, and to erect, make and keep in repair such roads, scaffolds and other fixtures as he or they may desire to erect, repair or remove from time to time." In the exercise of these rights, defendant constructed a tramway over the surface of the land, some fifteen or sixteen rods in length, and used it for the transport of coal from the Donley tract, which was clearly within his rights; but in addition thereto he transported coal from a mine upon an adjoining tract of land known as the Denny mine, which was also operated by him. Claiming that the defendant had no right or authority to use the tramway over the surface of his land to transport coal from the Denny mine, this action was brought by plaintiff to recover for the increased burden thereby imposed upon the servitude.

In the present case the plaintiff's statement is not printed in the record. But in the opinion of the Superior Court, the declaration is said to be in trespass quare clausum fregit. Under the Act of May 25, 1887, sec. 3, P. L. 271, all actions ex delicto, whether trespass, trover, or trespass on the case, are now brought under the one name of trespass. The distinction, therefore, between trespass quare clausum fregit, in which actual or constructive possession in the plaintiff was necessary, and trespass on the case, in which it was not, is no longer of importance. In Duffield v. Rosenzweig, 144 Pa. 520, a case in which plaintiff was not in actual possession of the land, Mr. Justice CLARK said (p. 537): "We are of opinion that perhaps an action of trespass, technically so called, could not have been maintained; but, by the Act of May 25, 1887, P. L. 271, the distinctions theretofore existing between actions of trespass, trespass on the case, and trover, so far as they relate to procedure, were abolished, and, although the plaintiff's statement sets forth his claim as in trespass, we cannot, in view of the provisions of the statute, distinguish, in the form of procedure, one from the other. If the facts establish his right to recover in either form, therefore, he is entitled to judgment." This ruling was quoted with approval in Miller v. Lehigh County, 181 Pa. 622, where Mr. Justice GREEN further said (p. 626): "It is true in the present case the action is in trespass, but the injury is consequential, and therefore at common law the remedy should have been in case. But the act of 1887 was intended to, and did, effect a radical change in the common law upon this subject, and as held in the above-cited case, a recovery may be had in the action of trespass although the injury sustained was formerly remediable only in case."

As has already been stated, the defendant here is charged with making a wrongful and unauthorized use of the plaintiff's land by hauling over its surface coal from a tract other than the dominant tenement, to which

in that particular the surface was the servient tenement. If he was guilty of thus increasing the burden of the servitude on the surface, it was a trespass for which an action for damages would lie. His right of possession was a limited one, extending only to the right to transport across the surface the Donley coal. In the opinion of the Superior Court, the case of Collins v. Beatty, 148 Pa. 65, is cited to show that trespass quare clausum fregit cannot be maintained if the defendant was in possession of the locus in quo when the alleged trespass was committed. In that case the defendant was in actual and complete possession of a lot of ground, claiming to own the fee. Naturally one can hardly be consistently charged with trespassing upon property which is at the time in his own possession, and to which he claims complete and exclusive ownership. But where, as in the present case, the defendant has no claim whatever to the fee of the property, but has merely an easement over the surface, limited to the right to transport coal from a specified tract, over that surface; when, in such case, he goes beyond his rights and burdens the easement with an additional use, to which he has no claim, his action in so doing constitutes a trespass, for which he is answerable. Defendant's right of occupancy for one purpose does not justify him in using the privilege to accomplish another end. See Truby v. Natural Gas Co., 38 Pa. Superior Ct. 166, and cases there cited. It does not appear that the effect of the act of 1887 was considered in Collins v. Beatty, 148 Pa. 65; but at any rate we are clear that the principle there announced should not be so applied to the facts of this case as to prevent a recovery against this defendant; and we are of opinion that the conclusion that this action could not be maintained by reason of the form in which it was brought was erroneous. When the defendant bought the coal in the Donley tract, he took a fee simple estate in the coal, and so long as that estate existed, he could haul through the gangways coal from other land. In so doing, he was using his own property. But as to

the use of the surface of the land for transporting coal from another tract, there was no such right. His use of the surface was confined, under his contract of purchase of the coal, to the hauling of that coal from the Donley tract. This is in accordance with the doctrine laid down in Webber v. Vogel, 189 Pa. 156.

With regard to the effect upon this claim of the discharge of the defendant in bankruptcy, we think the view taken by the court of common pleas is sustained by the weight of authority in the federal courts. This action is founded upon a tort which can only be redressed by an action ex delicto. The claim was of course unliquidated. Counsel for defendant maintain that it falls within clause *b* of sec. 63 of the United States bankrupt law of July 1, 1898, which provides that, "*b*, Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct, and may thereafter be proved and allowed against his estate." This clause was construed by the supreme court of the United States, in Dunbar v. Dunbar, 190 U. S. 340. Mr. Justice PECKHAM there said (p. 350): "In section 63*b* provision is made for unliquidated claims against the bankrupt, which may be liquidated upon application to the court in such manner as it shall direct, and may thereafter be proved and allowed against his estate. This paragraph *b*, however, adds nothing to the class of debts which might be proved under paragraph *a* of the same section. Its purpose is to permit an unliquidated claim, coming within the provisions of section 63*a*, to be liquidated as the court should direct. We do not think that by the use of the language in section 63*a* it was intended to permit proof of contingent debts or liabilities or demands the valuation or estimation of which it was substantially impossible to prove."

In Collier on Bankruptcy (7th ed., 1909), 718, it is said: "A claim for unliquidated damages, resulting from injury to the property of another, not connected with or growing out of any contractural relation, is not a provable

debt in bankruptcy." In support of this proposition, the author cites Brown v. Button Co. (U. S. C. App., 3d Circ.), 149 Fed. Repr. 48; 17 Am. Bankcy. Reps. 565. In the opinion of the court, by ARCHBALD, Dist. J., it is there said (p. 53): "The first of the two paragraphs into which it (sec. 63) is divided is given up to an enumeration of the debts which are entitled to be proved against the estate, among which is to be found everything in the way of a fixed obligation, or which, as being of a commercial character, a bankrupt could expect to be relieved from; and, complete in itself, it is not be to added to. The other paragraph plainly has to do with a mere matter of procedure; how unliquidated claims founded upon open account or contract, specified in the preceding paragraph, may be liquidated or settled. Nor can it properly be made to serve any other purpose. Argument may amplify this, but cannot make it clearer. And as so interpreted a claim for damages, such as the one before us, is not included among debts which are made provable." It was further held that the effect of sec. 63 was not enlarged by the act of congress of February 5, 1903 (32 U. S. Stat. at Large, 797), amending sec. 17, which relates to debts not affected by a discharge. That section still continues to limit the effect of the discharge to the bankrupt's "provable debts."

In the opinion by BRADFORD, Dist. J., in In re United Button Co. (U. S. D. Ct., Dist. Del.), 140 Fed. Repr. 495; 15 Am. Bankcy. Reps. 390, which was affirmed in Brown v. Button Co., 149 Fed. Repr. 48, the effect of sec. 17 as amended is considered. It is there said (p. 501): "While it was the intention of congress in enacting sec. 17 to determine and declare the effect of a discharge in bankruptcy upon demands against the bankrupt provable against his estate, it reasonably may be assumed, in the absence of persuasive evidence to the contrary, that congress did not intend in and by that section to render so provable demands not possessing that nature or quality under other provisions of the act." Judge BRADFORD

concludes (p. 507): "I know of no principle or authority which would justify the court in holding provable a claim for unliquidated damages resulting from injury to the property of another, not reduced to judgment and unaccompanied and unconnected with any contractual or quasi-contractual liability. The alleged claim of the petitioners is of this description, and, not being of a provable nature, is not susceptible of liquidation under section 63b." See also Matter of New York Tunnel Co., 20 Am. Bankcy. Reps. 25. Under these authorities a claim for unliquidated damages founded upon tort is not provable in bankruptcy. The claim of plaintiff in the present case is of that nature, being for damages for a trespass; and is not founded upon a contract express or implied. It was therefore not provable in the bankruptcy proceedings.

The specifications of error are sustained. The judgment of the Superior Court is reversed, and the judgment of the court of common pleas of Armstrong county is reinstated and affirmed.