# Bagley, *et al. v.* Republic Iron & Steel Co.

## *Bill for Injunction.*

(Decided June 3, 1915.   69 South. 17.)

1. *Mines and Minerals; Acts of Grantee; Injunction; Legal Remedy.*—Where the grantee of mining rights of coal dumped refuse from other lands on the surface of the land in question, but discontinued the same on request, and there was no danger of a repetition of the injury, if damage or injury was sustained therefrom, the remedy is complete and adequate at law, and the grantee would not be enjoined in equity.

2. *Same; Conveyances; Rights; Injunction.*—Where a grantee of coal and minerals below the surface of certain described lands, also had the right-of-way for all necessary roads, and all other rights necessary for the proper mining and transportation of such coal, opened an air shaft on the lands in question for the ventilation of its mines under such lands and other lands, and used the underground entry connecting with openings on other lands for laying tracks over which the coal from the lands in question and from other lands was hauled, not injuring the use of the non-mineral part of the land, such grantee was within its rights and could not be enjoined.

3. *Same.*—One having the exclusive right to mine coal under a tract of land has the right of possession, even as against the owner of the soil, so far as is reasonably necessary to his mining operation, and is not liable for any incidental damages necessarily occasioned by the ordinary and careful operation of his mine, which is not injurious to the surface; but such rule does not apply to mere lessees of land or of the surface for transporting only the coal on or under such land, or where the time during which the right to so use the land is limited.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Bill by William M. Bagley and others against the Republic Iron & Steel Company, and one Isaacs, to enjoin them from the use of entries on land for transporting coal from other land and to enjoin the use of air shafts, etc. Isaacs made his answer a cros-bill, whereupon complainant and cross-complainant appeal. Affirmed on both appeals.

Sumter Lea, and Arthur L. Brown, for appellant.

Percy, Benners & Burr, for appellee.

MAYFIELD, J.—Appellants or their predecessors in title conveyed to appellee or its predecessors in title all the coal and minerals of whatever kind that lie on or below the surface of certain lands described, "together with the right to mine said coal and other minerals, the right to use all necessary timber and water for such mining purposes, the right of way for all necessary roads, and all other rights and privileges which may be necesary for the proper mining and transportation of said minerals." Appellee acquired from other parties lands adjoining those as to which appellants had conveyed the minerals and mining rights above described. Appellee opened an air shaft on the lands in question, constructed a fan thereon for the purpose of ventilating its coal mines which ramified the lands in question as well as other lands owned by appellee and acquired from third parties. The openings to the coal mines were on lands other than the ones in question, but the entries, following the seams of coal, had been extended to the lands in question, and a part of the coal thereon had been mined; and these underground entries which occupied the space from which the coal had been taken were used for laying tram tracks over which coal, not only from the lands in question but from other

lands, was hauled to the tipple. Appellant Bageley filed this bill against Isaacs and appellee, to enjoin appellee from further using these entries on the lands in question, for transporting coal from other lands, and to enjoin the use of the air shafts, fans, etc., constructed thereon, for the purpose of facilitating the mining of coal from lands other than the ones in question; and to prevent the dumping of slate and refuse from such other lands upon the surface of the lands in question. Isaacs made his answer a cross-bill, and admitted all the allegations of the original bill, and prayed relief similar to that sought in the original bill. The cause was heard on bill, cross-bill, answers, and an agreed statement of facts; and the chancellor dismissed the bill and cross-bill. From the chancellor's decree, appellants prosecute this appeal.

(1) So far as the dumping of the refuse from other lands upon the surface of the lands in question is concerned, that feature may be eliminated, for the reason that the agreed statement of facts shows that this was discontinued on request, and that there is no danger of a repetition of the practice. Hence, if damage or injury from this source was sustained, the remedy is complete and adequate at law; and this distinguishes this case from that of *Brasfield v. Burnwell Coal Co.,* 180 Ala. 185, 60 South. 382.

(2) The question to be decided is: Does the use by appellee of the air shaft and fans, on the surface, and of the tram lines under the surface of the lands in question, for the purpose of mining coal from other lands, in connection with their use for mining coal from the lands in question, entitle the plaintiff to the injunctive relief sought?

The learned chancellor held that plaintiff was not entitled to·such relief, and we concur with him in his holding and opinion. He says: "By virtue of its deed from Isaacs and Bagley .defendant owns the coal there· by conveyed and the right to possession of the haulage-way and the air shaft used in the mining of that coal. Having such right of possession, it could not while it continues the mining of that coal be guilty of a tres-pass or other wrong to complainant by mere occupan-cy of the haulageway or the shaft or by any use there-of, which does not injure or interfere with the use of the nominal part of the land containing that coal. That such injurious interference results from the haulage of coal by defendant from its other lands through the passageway, or from the ventilation through the shaft of mines on such other lands, does not appear from the evidence.

"From such use of the haulageway and shaft defend-ant could have been restricted by contract, and this ir-respective of whether the use is injurious; but there was express contract on the subject, nor is there in the terms of the deed by which the coal was conveyed to de-fendant anything from which such restriction can be implied. The expression of rights given defendant in that deed was of such rights only as were incident to the mining of the land therein mentioned. As to what use might be made of that land or of the haulageway or the shaft in the mining of other land, the deed is silent, and therefore the doctrine whereunder the ex-pression in a contract of some rights is sometimes held to imply the exclusion of other rights does not here apply. Under these considerations, the court is brought to the conclusion that neither the complainant in the original bill nor the complainant in the cross-bill is en-

titled to relief, and in this it is supported by the decisions in *Lillibridge v. Lackawanna Coal Co.*, 143 Pa. 293, 22 Atl. 1035, 13 L. R. A. 627, 24 Am. St. Rep. 544; *Schobert v. Pittsburg Coal & Mining Co.*, 254 Ill. 474, 98 N. E. 945, 40 L. R. A. (N. S.) 628, Ann. Cas. 1913B, 1104; and other authorities there cited.

"This case is distinguishable from that of *Brasfield v. Burnwell Coal Co.*, 180 Ala. 185 [60 South. 382], which involved a wrongful use of the surface of lands by the holder of a lease for mining."

(3) It was said by this court, in the case of *Williams v. Gibson*, 84 Ala. 228, 4 South. 350, 5 Am. St. Rep. 368, that: "The principle is well settled that one who has the exclusive right to mine coal upon a tract of land has the right of possession even as against the owner of the soil, so far as is reasonable necessary to carry on his mining operations.—*Turner v. Reynolds*, 23 Pa. 199; *Rogers v. Taylor*, 38 Eng. Law & Eq. 574; *Tenn. & Coosa R. R. Co. v. East Ala. R. R. Co.*, 75 Ala. 524, 525 [51 Am. Rep. 475].   *   *   *   The exclusive grantee of minerals in lands is entitled to dig and carry away so much of them as he can excavate from the soil without injury to the surface owned by the grantor, the mining right being servient to the surface to the extent of sufficient supports to sustain it in its natural state.—*Jones v. Wagner* [66 Pa. 429], 5 Am. Rep. 385. But he is not liable for any incidental damages necessarily occasioned by the ordinary and careful operation of his mines, not injurious to the surface, as, for example, the loss of springs by the owner of the soil (*Coleman v. Chadwick*, 80 Pa. 81, 21 Am. Rep. 93), or the disturbance of the peace and comfort of the surface owners' dwelling by necessary blasting in the mines (*Marvin v. Brewster Iron Mfg. Co.*, [55 N. Y. 538], 14 Am.

Rep. 322).  *  *  *  He may occupy so much of the surface, adopt such machinery and modes of mining, and establish such auxiliary appliances and instrumentalities, as are ordinarily used in such business, and may be reasonably necessary for the profitable and beneficial enjoyment of his property. But he is not limited, as we have already said, to such appliances as were in existence when the grant was made, but may keep pace with the progress of society and of modern invention."

In the case of *Schobert v. Pittsburg Co.,* 254 Ill. 474, 98 N. E. 945, 40 L. R. A. (N. S.) 827, Ann. Cas. 1913B, 1104, it was decided that a grantee of coal in place, such as is appellee in this case, with irrevocable and perpetual license to mine and remove coal from the land in which the coal is located, had the right, as an incident of such license, to use the space made by mining the coal, for the purpose of removing coal taken from other and adjoining mines.

There are limitations to this rule and this right, such as pointed out by this court in the cases above cited. This rule does not apply, of course, to mere lessees of land, or of the surface, where the lease or grant is for the express purpose of transporting only the coal on or under such land; nor does it apply to cases where the time during which the right to so use the land is limited. Hence this case and cases like it must be distinguished from cases which fall within the limitations mentoned above, and others like them.

In a note to the Illinois case in 40 L. R. A. (N. S.) 826, we find the following as to the rule in cases like this: "It is generally held that a grantee of coal in place, with license to mine and remove it, in the absence of express stipulation may, at any time before the coal

is all removed, use the passages opened for its remov-
al for the transportation of coal from his adjoining
lands.—*Consolidated Coal Co. v. Schmisseur*, 135 Ill.
371, 25 N. E. 795; *Schobert v. Pittsburg Coal & Min.
Co., supra; Moore v. Indian Camp Coal Co.*, 75 Ohio
St. 493, 80 N. E. 6; *Lillibridge v. Lackawanna Coal Co.*,
143 Pa. 293, 22 Atl. 1035, 13 L. R. A. 627, 24 Am. St.
Rep. 544, 17 Mor. Min. Sep. 412; *Webber v. Vogel*, 189
Pa. 156, 42 Atl. 4, 19 Mor. Min. Rep. 639.   *   *   *

"The right of tranporting coal from adjoining lands
through or over leased land exists, however, only so long
as the coal conveyed is in good faith being mined.  It
would be a perversion of the intention of the parties
to use such passageways merely and only for the pur-
pose of reaching other coal, and, besides, such use would
be a continual menace to the stability of the surface.
If such use were allowed, no owner of the land could tell
when his estate would cease to be disturbed by workings
underneath.  The rule laid down in the above cases is
not intended, therefore, to give the grantee of coal an
undisputed and perpetual right of way under another's
land.  The owner of the land above and below has a right
to the reversion of the space occupied by the coal with-
in a time contemplated by the parties when that coal
is removed.—*Webber v. Vogel*, 189 Pa. 156, 42 Atl. 4,
19 Mor. Min. Rep. 639.

"So, when the grantee of coal in place has ceased to
mine that coal to any appreciable extent, he may not,
without an express grant of such right, extend the open-
ings to the mines to adjacent lands, mine large quanti-
ties there, and use the grantor's land for loading and
transporting such coal.—*Hooper v. Dora Coal Min. Co.*,
95 Ala. 235, 10 South. 652."

We find no error, and the judgment must be affirmed. Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.