# Westerman, Appellant, *v.* Pennsylvania Salt Manufacturing Company.

*Mines and mining—Sale of underlying coal—Passageway— Suspension of mining operations—Exhaustion of coal—Abandonment —Bill in equity—Grantee's right to transport coal from other mines —Injunction—Refusal.*

1. The owner of the coal underlying the surface of land also owns the chamber or space enclosing it, and so long as such ownership continues can use such space for the transportation of other coal, and cannot be charged rental for so doing.

2. While a tract is being mined, that is in open workable con-

dition, the fact that there may be a temporary suspension of operations therein will not deprive the mine owner of the right to use the driveways for transportation of other coal, where he is acting in good faith and mining in the customary manner.

3. The owner of the coal has no perpetual right of way through the land, and the right will cease when the coal therein is exhausted or abandoned.

4. Upon a bill in equity for an injunction to restrain the use of a passageway, under plaintiff's land, for the transportation of coal from other lands owned by defendant, and for an accounting, it appeared that defendant had purchased the coal underlying approximately 2,500 acres of land for mining purposes, including 80 acres purchased from the plaintiff; that defendant had driven a main passageway into the block and through plaintiff's farm, and thence on into other lands. The coal underneath plaintiff's land had been mined except twenty-five or thirty per cent., which was left in place to support the surface. For several years no mining had been done but defendant was still in possession of the mine and might at any time remove the ribs of coal by second mining, which would destroy the supports and let down the surface. Defendant had for a number of years used the main entry or driveway through plaintiff's farm as the means of transporting coal from the lands in the rear thereof, this being the only practicable way of mining such coal. Such use had done the plaintiff no damage. The conveyance by which plaintiff had sold the coal underlying his property was a general warranty deed with right of ingress and egress for the purpose of mining and transporting said coal, without limitation as to time or the right of surface support; and there was no provision regarding the transportation of other coal. *Held,* the lower court properly dismissed the bill.

New York & Pittston Coal Co. v. Hillsdale Coal & Iron Co., 225 Pa. 211, followed.

Argued Oct. 9, 1917. Appeal, No. 76, Oct. T., 1917, by plaintiff, from decree of C. P. Allegheny Co., July T., 1914, No. 286, dismissing bill in case of George R. Westerman v. The Pennsylvania Salt Manufacturing Company. Before MESTREZAT, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Bill in equity for an injunction and accounting. Before SHAFER, P. J.

. The opinion of the Supreme Court states the case.

The court below dismissed the bill. Plaintiff appealed.

*Errors assigned* were the dismissal of plaintiff's exceptions to various findings of fact and law and the decree of the court.

*Nelson McVicar,* for appellant.—A grantee of coal has the right to mine and remove the coal purchased, and while in good faith so doing, he has the right to transport other coal owned by him through the entries made in the first coal.

When he has completed or abandoned coal first purchased, his right to use entries therein as ways for transporting other coal, ceases: Lillibridge v. Lackawanna Coal Co., 143 Pa. 293; Webber v. Vogel, 189 Pa. 156; Farrar v. Pittsburgh & Eastern Coal Co., 28 Pa. Superior Ct. 280; Chartiers Block Coal Co. v. Mellon, 152 Pa. 286.

Plaintiff was not estopped from objecting to defendant's use of these entries by reason either of the record or of his acts: Waters' App., 35 Pa. 523; Orr v. Mercer Co. Mut. Fire Insurance Co., 114 Pa. 387; Hepburn v. McDowell, 17 S. & R. 383; Knouff v. Thompson, 16 Pa. 357; Eifert v. Lytle, 172 Pa. 356; McKnight v. Bell, 135 Pa. 358; Hill v. Epley, 35 Pa. 344.

*Richard H. Hawkins,* with him *J. Merrill Wright* and *Dalzell, Fisher & Hawkins,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 7, 1918:

This is a bill in equity for an injunction and accounting. Defendant has been engaged in manufacturing in Allegheny County since 1850, with its plant located on the bank of the Allegheny river, where it owned a tract of land underlaid with coal from which is secured fuel. This supply was gradually exhausted and about 1897 defendant purchased the coal in a block of approximately twenty-five hundred acres of land, located conveniently

to its plant. It was bought from various landowners including eighty acres from plaintiff, and continued four veins of mineable coal, the Upper Freeport vein being about 200 feet below the surface and the others at a greater depth. As is customary in such cases the defendant treated this block as a single mining operation, at least so far as relates to the Upper Freeport vein, which it proceeded to mine as such. At the lower side of the block, near a creek, a main entrance was constructed, known as the Klondike Mine. From there, as the mining progressed, a main passageway or haulage was gradually driven back into the block and through plaintiff's farm, which was near the entrance, and thence on into other lands. As the main driveway proceeded, first mining was done in this vein on the plaintiff's land, by which practically all of the coal was taken except 25 to 30 per cent., which was left in place to support the surface, and is known as ribs or pillars. This first mining on plaintiff's land was completed in 1908, and no coal has since been mined thereon. However, the defendant is still in possession of the mine and may at any time remove the ribs of coal by second mining, which would destroy the supports and let down the surface. Since about 1901, defendant has used this main entry or driveway through plaintiff's farm as a means of transporting coal from the lands in the rear thereof, which is the only practicable way of mining such coal. The surface of plaintiff's farm is intact and the use of the underground passageway as above stated has done him no damage. This passageway cannot be used in mining the coal in the lower veins. The conveyance of all the coal in, under, and upon plaintiff's farm was by a general warranty deed to defendant, its successors and assigns, forever, with the right of ingress and egress for the purpose of mining and transporting the said coal, and waiving the right of surface support. The deed contains no limitation as to the time for removal of the coal thereby conveyed, nor any provision as to a passageway to other coal. Defendant made large

expenditures in the purchase of this block of coal and in preparation for its mining.

The bill seeks to enjoin defendant from using the passageway in question in transporting coal from other lands, and also to account and pay for such use theretofore had of the same. The court below overruled the exceptions filed to the chancellor's finding of facts and legal conclusions and made absolute the decree dismissing the bill; from which plaintiff took this appeal. In our opinion the decree of the court below was right. The deed vested in the defendant a corporeal estate in fee in the coal; and until that estate is terminated by the exhaustion of the coal, or lost by abandonment, the vendee is entitled to the possession of the coal, and also of the space made by its removal, and may use such space in transporting coal from other lands. In the case of Lillibridge v. Lackawanna Coal Co., 143 Pa. 293, this court held that the owner of the coal also owned the chamber or space enclosing it, and, so long as such ownership continued, could use such space for the transportation of other coal. That case was expressly reaffirmed, and held to be a settled rule of property in the great mining regions of the Commonwealth, in the case of Webber v. Vogel, 189 Pa. 156. Both of the above cited cases are quoted with approval and followed in the opinion of this court by present Chief Justice BROWN in New York & Pittston Coal Company v. Hillside Coal & Iron Co., 225 Pa. 211, 214; and it is there held that, "A lessee of coal cannot be charged for rental for the use of gangways on the demised premises in transporting coal from other properties." The rule stated by our Brother POTTER in delivering the opinion of this court in Weisfield v. Beale, 231 Pa. 39, 43, is applicable here, that, "When the defendant bought the coal in the Donley tract, he took a fee simple estate in the coal, and so long as that estate existed, he could haul through the gangways coal from other land. In so doing, he was using his own property." While a tract that is in open workable condition, is being

mined, the fact that there may be a temporary suspension of operations therein will not deprive the mine owner of the right to use the driveways for transportation of other coal, where he is acting in good faith and mining in the customary manner. We do not understand the language of the opinion in Webber v. Vogel, supra, to limit such right of transportation to the precise time that coal is being mined on the tract in question. Of course, defendant's right in plaintiff's farm will terminate as soon as the mineable coal therein has been removed; and the right in the upper vein will cease when all of such coal has been taken therefrom. The usual and practical way of mining such coal is in a block of a thousand acres or more, and operating it as one mine, as defendant did here. In such case it would not seem practicable to follow first mining by second mining in each separate farm. In fact, that method would defeat the plan for general mining of the block. Defendant is in possession of the unmined coal bought from plaintiff, and of the space made by first mining, and may rightfully use the space in removing the balance of such coal; and why not in the transportation of other coal? The coal in the ribs was not forfeited because left for a time to support the surface. In fact, the chancellor properly finds there was no abandonment. Since the balance of the coal and the right to remove it belongs to defendant, as well as the space made by first mining, the mere fact that the removal of the ribs has been temporarily deferred to facilitate the general mining operation will not defeat defendant's right to use such space for the transportation of other coal. Neither the coal nor the space reverts to plaintiff because of such temporary suspension of mining. The deed gives defendant the coal, without any restriction as to the time when it shall be mined; so there is nothing upon which to base any claim of reversion. While we do not rule the case upon findings based on parol evidence, yet the chancellor finds in effect that plaintiff sold his coal to defendant with the understand-

ing that it was to be used as the key to reach the coal lying beyond, and, because of that fact, received a consideration largely in excess of that paid his neighbors, and knew that defendant intended to mine the whole block as one property. Defendant has no perpetual right of way through plaintiff's land; its right will cease when the coal therein is exhausted or abandoned. But the coal is not yet exhausted and it is clear that there has been no abandonment. The rule sustaining the right of transportation through an open mine seems to be supported by the weight of authority in other jurisdictions. See Schobert v. Pittsburgh Coal & Mining Co., 254 Ill. 474. In a note to that case, in 40 L. R. A. (N. S.) 826, it is stated: "It is generally held that a grantee of coal in place, with license to mine and remove it, in the absence of express stipulation, may, at any time before the coal is all removed, use the passage opened for its removal for the transportation of coal from his adjoining lands." The rule is different in the case of a right of way upon the surface of land, which is incorporeal and can be used only for the purpose specified in the grant: Weisfield v. Beale, supra; Webber v. Vogel, 159 Pa. 235; Farrar v. Pittsburgh & Eastern Coal Co., 28 Pa. Superior Ct. 280. That there was no abandonment here see Sorg et al. v. Frederick et ux., 255 Pa. 617; Huss v. Jacobs, 210 Pa. 145; Youngman et al. v. Linn, 52 Pa. 413.

Our conclusion as above stated being fatal to plaintiff's case, we deem it unnecessary to consider in detail the several assignments of error or the other questions presented in the record.

The assignments of error are overruled and the appeal is dismissed at the costs of appellant.