GOODSON v. COMET COAL COMPANY.

Opinion delivered September 22, 1930.

*Cochran & Arnett,* for appellant.

*Hays, Priddy & Smallwood* and *R. M. Priddy,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellees to cancel a certain supplemental coal lease executed by appellee, R. M. Thompson, to his co-appellee, the Comet Coal Company; and to recover damages for hauling coal, rock and refuse from adjacent lands through passages under the south eighteen acres of the southwest quarter southwest quarter section 36, township 8 north, range 26 west, in Logan County for dumping same on the surface near the entry to the coal mine on said eighteen-acre tract.

Upon the trial of the cause the chancery court decreed that the title to the coal mine and passages under said eighteen-acre tract incident to mining the coal thereunder was in appellee, R. M. Thompson, under and by virtue of a reservation in his deed of said eighteen-acre tract to appellant, J. A. Goodson, of date November 9, 1925, and that he (Thompson) was entitled to lease and receive rentals for the use of the entry to and passages through the mine for hauling coal, rock and refuse from lands adjacent to said tract of land, from which is this appeal.

The facts necessary to a determination of the only issue involved on this appeal are as follows: R. G. Parrott, owner of the eighteen-acre tract of land, leased the coal under same, with mining privileges thereto, on September 30, 1922, to the Hindrix Coal Company. The Hindrix Coal Company assigned the lease to appellee, Comet Coal Company. This lease did not authorize the use of the entry and underground passages for the purpose of hauling coal, rock and refuse from adjacent lands and

dumping same on the eighteen-acre tract near the entry to the mine. It was a lease in ordinary form, granting the right to the Hindrix Coal Company to prospect and mine coal from the eighteen-acre tract for a period of twenty years, to erect all necessary buildings around the opening to the slope, to take out the coal, to use the surface about the opening for dumping rock and refuse from the mine, for storing coal necessary for the business of mining same, to cross said land to the public wagon road, and for a royalty or rental of twenty cents per ton for the merchantable coal removed therefrom. It did not purport in any of its terms to convey the title to the coal in place.

On the 8th day of February, 1924, R. G. Parrott and wife sold and conveyed by warranty deed without reservations or exceptions said eighteen-acre tract of land to R. M. Thompson. On the 9th day of November, 1925, R. M. Thompson and his wife sold and executed a warranty deed to appellant, J. A. Goodson, to said eighteen-acre tract with the following reservation: "Reserving all coal, oil and gas and mineral with the usual mining privileges. Grantor reserves the right to use the surface about the mine opening for mining purposes during the life of said coal mine." On the 2d day of February, 1926, R. M. Thompson executed a supplemental lease to the Comet Coal Company upon said eighteen-acre tract of land, granting to it and its successors the right to mine coal from adjacent lands and dump the rock and refuse therefrom upon the surface of the above-described land in consideration of five cents royalty a ton, for all coal mined and hauled through underground entries, except that when coal should be mined from lands other than adjacent thereto, and said second party had to pay adjacent landowners an underground haulage fee, then and on that coal the royalty should be two and one-half cents a ton for all coal hauled through underground entries. The lease also stipulated that it should be supplemental

to the former lease and made part thereof and should be governed by the terms and conditions therein expressed. Before its original lease expired the Comet Coal Company began to mine coal from adjacent lands and haul same through the underground passages and out of the entry on said eighteen-acre tract, and to dump rock and refuse therefrom near the entry on said tract, and at the time of the institution of this suit had paid R. M. Thompson $598.75 in royalties under the terms of said supplemental lease.

Appellant contends for a reversal of the decree upon the theory that title to the coal under the eighteen-acre tract passed to the Hindrix Coal Company under the lease from R. G. Parrott to it and to the Comet Coal Company by assignment of the lease, which lease contained no authority to haul coal, rock and refuse from adjacent lands over the underground passages through the entry and dump same on the surface of said tract of land. The case of *Bodcaw Lumber Co.* v. *Goode,* 160 Ark. 48, 254 S. W. 345, 29 A. L. R. 578, is cited in support of the contention that the original lease operated as a present sale of the coal and conveyed title thereto. The case cited is not authority to the effect that a lease of minerals constitutes a present sale thereof, but is authority to the effect that the title to the minerals and title to the surface can be severed by exception or reservation of said minerals in a deed conveying the title to the surface, and that mineral rights in lands may be sold and conveyed separate from the surface. The lease in question conferred the right upon the lessee for the period of twenty years to enter upon and mine the coal under said eighteen-acre tract of land, and did not attempt to pass or convey the present title to the coal in place to said lessee. This did not constitute by sale a severance of the coal. The lease in the instant case did not constitute by sale a severance of the coal under the tract of land from the land itself. The rule announced by this court relative to ordinary mineral

leases in the case of *Osborn* v. *Arkansas Territorial Oil & Gas Co.*, 103 Ark. 175, 146 S. W. 122, the lease was not a present sale or transfer of title to the coal, but simply a contract to mine coal under the land for a period of twenty years at a fixed price per ton. The Comet Coal Company acquired no right under the lease from Parrott except to mine the coal under the eighteen-acre tract of land. After the execution of the lease by Parrott he and his wife conveyed the land to R. G. Thompson without reservation, the effect of which was to convey the entire title, including the Parrott coal lease, and all rights thereunder to him. Subsequently, on the 9th day of November, 1925, R. G. Thompson conveyed the eighteen-acre tract to appellant, reserving all the coal, oil, gas and mineral with the usual mining privileges and the right to use the surface about the mine opening for mining purposes during the life of said coal mine. The coal mine is in operation, never having been abandoned, and there being coal yet to be mined under the eighteen-acre tract. The reservation contained in the R. M. Thompson deed to appellant warranted the execution of the supplemental lease of date February 2, 1926, to appellee, Comet Coal Company, to haul coal, rock and refuse from the adjoining lands over the underground passages and out of the entry and dump same on the surface of the eighteen-acre tract near the entry during the life of the original lease. The rule, supported by the great weight of authority, is that the owner of coal in place, as Thompson was under his deed from R. G. Parrott, has the absolute right until all the coal is exhausted, to use the passages open for its removal for any and all purposes whatever, including the right to transport coal over the underground passages and out of the entry, having due regard for the rights of the surface owner. 2 Snyder, Mines, p. 853; 18 R. C. L. 1149; 20 Am. & Eng. Enc. Law, 2d ed., 774; *Lillibridge* v. *Lackawanna Coal Co.*, 143 Pa. 293, 22 Atl. 1035, 13 L. R. A. 627; *Westerman* v. *Pennsylvania Salt Mfg. Co.*, 260 Pa. 140, 103 Atl. 539; *Armstrong* v.

*Maryland Coal Co.,* 67 W. Va. 589, 69 S. E. 195; *Bagley* v. *Republic Iron & Steel Co.,* 193 Ala. 219, 69 So. 17; *Schobert* v. *Pittsburg Coal & Mining Co.,* 254 Ill. 474, 98 N. E. 945; *Moore* v. *Indian Camp Coal Co.,* 114 Iowa 56, 80 N. E. 6; *St. Louis Union Trust Co.* v. *Galloway Coal Co.,* 193 Fed. 106; affirmed in 201 Fed. 1022. See extensive annotation in A. L. R. 967.

In view of the fact that R. M. Thompson owned the title to the coal in place under the reservation in his deed to appellant, the court correctly refused to cancel the supplemental lease, and correctly decreed the rents and royalties earned under same to him.

The decree will therefore be affirmed.