# Middleton v. Harlan-Wallins Coal Corporation.

(Decided Dec. 15, 1933.)

H. C. CLAY for appellant.

CLEON K. CALVERT, N. R. PATTERSON and J. S. FORESTER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellant and plaintiff below, Green B. Middleton, owns the surface of a tract of land in Harlan county, described in the petition. The defendant and

appellee, Harlan-Wallins Coal Corporation, owns the coal in place thereunder, as well as the coal similarly situated in a much larger boundary, and which embraces the surface ownership of plaintiff. In its operations to extract the coal from under plaintiff's surface, it made a tunnel thereunder at least some of which was made by extracting coal. After the entry and other passageways were made under plaintiff's surface, in taking the coal therefrom, defendant began to use such openings in moving coal that it mined from other parts of its mineral holdings located beyond the boundary of plaintiff's surface; whereupon he filed this action in the Harlan circuit court against it alleging such facts, and sought to obtain a judgment against it in the sum of $500 for such alleged trespasses upon his rights as owner of the land, except the mineral and the rights incident to mining it, and also sought to enjoin defendant from continuing to use such apertures and openings in the moving of coal from under land located outside his boundary. The court sustained defendant's demurrer filed to the petition, and it was dismissed, upon his declining to plead further, and to reverse that judgment he prosecutes this appeal.

The concrete question for determination is: What is the character of ownership and the extent of the rights of an owner of mineral in place in and to the necessary and incidental underground vacuums, openings and passages that are made by removing the mineral and others which may be necessary to be made for that purpose? At the outset, it might be observed that the question as presented by this record is not affected by any contract stipulations. When not so done, the rights of the parties will be governed by the principles of law to be deduced from the mere fact of such separate ownerships, with the incidental rights flowing therefrom to the respective owners. It is the latter case that is presented to us for determination by this record. The question involved seems not to have been heretofore determined by this court, although it was referred to and to some extent commented upon in the two comparatively recent cases of Moore, Guardian, v. Lackey Mining Company, 215 Ky. 71, 284 S. W. 415, 48 A. L. R. 1402, and Carmichael v. Old Straight Creek Coal Corporation, 232 Ky. 133, 22 S. W. (2d) 572. But those opinions did no more than determine that the owner of

coal in place under the surface, or a lessee of the right to take it out, and not from the fact of such ownership or right alone have the additional one to use the surface of its owner, or the lessor of the right, to bring the coal from other lands to the surface and to dump its refuse thereon, or to transport the coal so mined from other lands over the surface of the owner, and that an effort on the part of the operator of the mine to do so would subject him to respond in damages at the behest of the owner of the surface and also give the latter the right to enjoin such use of his surface by the owner or lessee of the mineral. The precise question, therefore, is one of first impression in this jurisdiction.

Learned and diligent counsel for defendant in their briefs filed in this court have brought to our attention adjudged cases from many other courts of the different states of the Union, as well as some federal and English cases, and also text authorities, holding and announcing the correct rule to be that, as to subterranean passages and openings made by the extraction of mineral by its owner, or lessee of the right to mine it, the owner or lessee has the right, in the absence of contract restrictions, to use such openings in the transportation of mineral taken from other adjoining or adjacent mining operations without infringing upon any right of the surface owner or committing any trespass to or on his property. Some of the cases approving and applying that doctrine are: Madison v. Garfield Coal Co., 114 Iowa, 56, 86 N. W. 41, 21 Mor. Min. Rep. 358; Moore v. Indiana Camp Coal Co., 75 Ohio St. 493, 80 N. E. 6; Webber v. Vogel, 189 Pa. 156, 42 A. 4, 19 Mor. Min. Rep. 639; Potter v. Rend, 201 Pa. 318, 50 A. 821, 22 Mor. Min. Rep. 1; New York & P. Coal Co. v. Hillside Coal & I. Co., 225 Pa. 211, 74 A. 26; Weisfield v. Beale, 231 Pa. 39, 79 A. 878; Westerman v. Pennsylvania Salt Mfg. Co., 260 Pa. 140, 103 A. 539, 15 A. L. R. 946; Rockafellow v. Hanover Coal Co., 12 Pa. Co. Ct. R. 241; Armstrong v. Maryland Coal Co., 67 W. Va. 589, 69 S. E. 195; Proud v. Bates, 34 L. J. Ch. N. S. 406, 11 Jur. N. S. 441, 6 New Reports, 92, 13 L. T. N. S. 61, 15 Mor. Min. Rep. 227; Hamilton v. Graham, L. R. 2 H. L. Sc. App. Cas. 166; Batten Pooll v. Kennedy, 1 Ch. 256, 76 L. J. Ch. N. S. 162.

They are collected and cited in an annotation be-

ginning on page 957 of 15 A. L. R., following two immediately preceding cases, one of which is the Westerman Case, supra, and the other one is that of Clayborn v. Camilla Red Ash Coal Company, from the Supreme Court of Appeals of Virginia, and reported in same volume page 946, 128 Va. 383, 105 S. E. 117, in which a contrary ruling was made by the majority of the members of that court, and which is the only case to be found by either counsel or by us after diligent investigation and search that denies such rights, as above enumerated, on the part of the owner of the mineral for transporting through the underground passway of like mineral obtained from adjoining lands. Since the preparation and publication of that annotation, the Supreme Court of Alabama reaffirmed its former opinions, supra, adopting the majority rule, in the case of Phillips v. Sipsey Coal Mining Company, reported in 218 Ala. 296, 118 So. 513, and, also since then the Supreme Court of Arkansas adopted and applied the majority rule in the case of Goodson v. Comet Coal Company, reported in 182 Ark. 192, 31 S. W. (2d) 293. Some text authorities to the same effect are 18 R. C. L. 1149, 1150; 20 Am. & Eng. Ency. of Law (2d Ed.) 774; and 40 C. J. 985, sec. 573. As hereinbefore stated, apparently all of the courts of this country and England uphold the right of the owner to so employ such subterranean openings in moving mineral from other mines or portions of the same mine, though located under the surface of a different surface owner, except the Clayborn opinion, supra, from the Virginia Supreme Court of Appeals, and from which, as stated, one of its members dissented.

In declaring such right of the owner of the mineral or the lessee of the right to extract it, the courts so adopting and approving it, as well as text-writers on the subject, do so upon, or as the result of different theories, based upon different grounds and which are (a) that one who purchases or obtains the right to market the mineral in place likewise purchases or obtains the right in the soil in which the minerals are embodied, and becomes the owner of such encasement the same as he does of the minerals enclosed therein. Others accept and adopt theory (b), which is, that so long as there is any of the immediate mineral in place, the owner of it, or the one who has the right to extract

it, may use the tunnels and other necessary subterranean passages and openings, not only for the removal of the mineral taken therefrom and embedded under the same surface rights, but also for all other lawful purposes so long as it is necessary to maintain such openings to extract and remove the mineral under the particular surface; while still others deduce the right by accepting theory (c) which is, that an absolute owner of land possesses the title to the skies above its surface and to the center of the earth below it, and may divide his title perpendicularly into longitudinal stratas and which he does when he sells the minerals under his surface to the extent of the space occupied by the mineral while in place, and that the purchaser whose title is so obtained takes an absolute title to the space occupied by the minerals purchased by him. If we conclude, as we do, that either one of the theories advanced by the courts is correct, then it follows that the judgment is likewise correct and it should be affirmed.

While we have adopted the rule that the mine operator (howsoever he may acquire the right to mine and market the mineral) may not, in the absence of contractual rights, use the *surface* above the mineral to clean or market his product taken from adjoining lands, yet it is easy to detect a marked difference between such surface rights, and the one to transport the foreign mineral, through subterranean tunnels and passages. In the latter case no right of the owner of the surface is interfered with in the slightest degree. He has no occasion to use any such subterranean tunnels in exercising any of his reserved surface rights and privileges. But he might become greatly inconvenienced in such use of his surface rights, when an additional burden would be put thereon by the owner of the minerals thereunder in using and employing the passways on the surface for marketing coal taken from other land, and by burdening the surface with the refuse from such foreign mined mineral. Since the law may be invoked only to assert and protect property rights, and since none such are invaded by the complained of action of defendant in this case, we conclude that, whatever may be the merits of theories (a) and (c), supra, theory (b) is sound, and that the reasoning of the opinions approving it is not only logical, reasonable,

and in accord with sound principles, but it is likewise in harmony with the underlying principles of justice.

We refrain from expressing any opinion on theories (a) and (c), nor do we commit ourselves upon any question other than the one arising upon the concrete facts of this case, i. e., the right of the owner of minerals in place to the use referred to of the subterranean tunnels, openings, and excavations made by him in extracting the immediate mineral.

The judgment, being in harmony with the unanimous opinions of other courts that have presumed to determine it, excepting the one referred to, and their reasoning, in the respect mentioned, being in accord with our views, it is affirmed.

The whole court sitting.