## Masser *versus* Bowen.

A check drawn by one person in favour of another, and paid to the latter, is presumed to have been received on account of a debt shown to have existed at the time.

The party alleging that it was not so received, must produce such proof of the account upon which it was made as will change the presumption.

ERROR to the Common Pleas of *Northumberland county*.

John Bowen brought an action of *assumpsit* against Jacob B. Masser. On the trial of this cause the plaintiff gave in evidence various indebtedness by the defendant on note, book account, &c., and closed. The defendant then offered in evidence a check drawn by himself in favour of the plaintiff, endorsed by and paid to him for $150. This was offered as evidence of a payment on the indebtedness to the plaintiff. It was objected to by the plaintiff, rejected by the court, and a bill of exceptions sealed at the instance of defendant's counsel.

There was a verdict for the plaintiff for $310, and judgment entered thereon.

The defendant then purchased this writ, and the rejection of the check was the only error assigned.

*Donnel*, for plaintiff in error.—The production of a check drawn by defendant to the order of plaintiff, and endorsed by him, is evidence of payment: *Chitty on Bills*, *369; Egg *v.* Bardett, 3 *Esp. Rep.* 196; Aubert *v.* Walsh, 4 *Taunton* 293. Cancelled checks are *prima facie* evidence of payment of a debt: Fletcher *v.* Manning, 12 *M. & W.* 571. The presumption is, it (the check) is given in payment of a debt: Flemming's Executors *v.* McClain, 1 *Harris* 178.

*Packer* and *Rockafeller*, for defendant in error.

The opinion of the court was delivered by

LOWRIE, J.—The plaintiff below having shown that the defendant was indebted to him, we must presume that a payment made to him by the defendant, after such debt accrued, was made on account of the debt. If it was really made on some other account, we must have some evidence of this before we can change the presumption.

A check by the defendant to the plaintiff's order, endorsed by him and paid, is evidence that the amount of it was paid to the plaintiff on account of such debt as we know to have existed, and it cannot be excluded because the court may think it belongs to a

[Masser *v.* Bowen.]

different transaction.   If the plaintiff gives evidence that it was given on another account, the jury must decide how the fact is. We think the check ought to have gone to the jury.

Judgment reversed and a new trial awarded.