# Tuttle *v.* Walker.

## *Assumpsit.*

1. *Error in charging upon effect of the 'testimony ; when not shown.* Where the bill of exceptions does not purport to state all the evidence which was introduced on the the trial, this court can not affirm that the lower court erred in refusing a general charge upon the effect of the testimony, requested by one of the parties.

3. *Charge upon effect of the 'testimony ; when properly refused.*—A general charge upon the effect of the testimony can be given with propriety, only when the evidence, as to all material facts, is free from conflict.

3. *Landlord's lien on crop ; what is not a waiver.*—It can not be affirmed as a general rule, that the mere consent of the landlord to a removal of the crop from the rented premises, is a waiver of his lien, as much must depend on the purposes of the removal and the purposes for which the consent was given. A charge affirming such a general proposition, is too broad, and should be refused.

APPEAL from Macon Circuit Court.

Tried before Hon. JOHN P. HUBBARD.

This was an action of *assumpsit* for money had and received; was brought by J. W. and B. W. Walker, the appellees, against A. G. Tuttle, the appellant; was commenced before a justice of the peace on the 10th of January, 1881, and was taken by appeal from the judgment of the justice, to the Circuit Court, where the cause was tried *de novo.* Testimony was introduced on the trial tending to show, that the appellees rented land to one Henry Walton, for the year 1880, for a stipulated rent, and had also advanced to him during that year; that Henry Walton had made a crop of cotton on the rented lands, and he had not fully paid the amount of his rent and advances; that in November, 18.50, the appellant purchased from one Doc Walton, a son of Henry Walton, one bale of cotton and paid him therefor; that afterwards the appellees notified him that they had a lien on the cotton, and thereupon he obtained from Doc Walton $35.50 of the money paid him for the cotton, which, however, the appellant afterwards, on advice of his attorney, paid back to Doc Walton; that the cotton was raised on the rented premises, from which it was removed with the knowledge and consent of the appellees, for the purpose of selling it, and that this purpose was also known to them; but on this point, as well as

on several other material points in the case, the evidence was conflicting.

The defendant in the court below asked the following charges: 1. "That if the jury believe all the evidence they must find for the defendant;" and 2, "that the plaintiffs can not recover in this form of action on the case established by the plaintiffs' evidence." The record does not show that these charges were asked in writing. The defendant also asked the court in writing to give a third charge in these words: "If the plaintiffs consented to the removal of the cotton from their place, or knowing that it was removed and did not object, they waived their lien." The court refused to give all three of the charges asked by the defendant, and he separately excepted. There was a judgment for the plaintiffs, from which this appeal was taken; and the errors assigned are the rulings of the court above noted.

WADDY THOMPSON, for appellant.

W. C. BREWER, and W. C. McIVER, contra.

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The single assignment of error is, that the Circuit Court erred in refusing three several instructions to the jury, requested by the appellant. The first was a general instruction, that if the jury believed the evidence they must find for the appellant. The bill of exceptions does not purport to state all the evidence which was introduced on the trial, and in the absence of such statement, it is obvious this court can not affirm there was error in the refusal of this instruction. And the evidence, so far as stated, is conflicting as to material facts. With propriety, instructions of this character can be given only when the evidence as to all material facts is free from conflict.—1 Brick. Dig, 335, § 3, subd. 2.

The second instruction was not in writing, and for this reason was properly refused.—*Hollingsworth v. Chapman*, 54 Ala. 7.

The former statute (R. C., §§ 2961–62,) limited the right of a landlord to an attachment, to enforce the lien for rent on crops grown on rented premises to two cases: first, where without paying the rent the tenant was about removing the crop from the premises; second, where without paying the rent the tenant removed the crop or any part thereof. The present statute materially enlarges the remedy, and the landlord can pursue it, when the rent becomes due and the tenant on demand fails to pay it, though the tenant has not removed or contem-

plated the removal of the crop.—Code of 1876, §§ 467–73. The purpose of the present statute is to render the lien firmer, more stringent, and a more effectual security to the landlord for the payment of rent and for the payment of advances he may make the tenant. It can not be affirmed as a general rule, as is affirmed in the third instruction requested by the appellant, that the mere consent of the landlord to a removal of the crop from the rented premises, is a waiver of the lien. Much must depend upon the purposes for which the consent is given. If the landlord consents that the tenant should remove and sell the crops, a sale to a *bona fide* purchaser would operate a destruction of the lien. But if he consented to the removal, that the products should be better prepared for market, or more safely stored, than could be done on the rented premises, it would be unjust to infer that he waived, or intended to waive, the lien. Whenever a waiver of the lien is claimed from the consent of the landlord to the removal of the crop, all the attendant circumstances must be considered, and from them the inference drawn, whether there was an intention to waive the lien, or whether strangers dealing in good faith, upon the possession of the tenant separated from the possession of the rented premises, have been misled. As a general proposition, the third instruction is too broad, and was properly refused.

Affirmed.