(77 South. 924)

WHITE v. W. B. BEAN & CO.   (8 Div. 462.)

(Court of Appeals of Alabama. Feb. 12, 1918.)

1. ACTION ⊕⇒38(5)—JOINDER OF CAUSES OF ACTION.

Where plaintiff sold goods to defendant, and all were charged to defendant, though under separate heads, so as to show what particular enterprise the goods were purchased for, there was but one account, and the dividing of the items under different heads did not constitute them separate causes of action.

2. SALES ⊕⇒353(8) — ACTION FOR PRICE — PLEADING—DATE DUE.

Allegation that accounts were due at the time of bringing the suit was sufficient.

3. SALES ⊕⇒353(5) — ACTION FOR PRICE — PLEADING.

Action for balance on goods "sold by plaintiffs to defendant," who was "individually liable," sufficiently alleged that defendant purchased the goods and agreed to pay for them.

4. PLEADING ⊕⇒30 — MISPRISION — CORRECTION.

Allegation that defendant was "individually reliable" will be taken to be intended for "individually liable."

5. PAYMENT ⊕⇒41(1) — SEVERAL ACCOUNTS — APPLICATION.

Where goods are purchased for a number of enterprises, but one person is liable therefor, a part payment goes to a reduction of the whole.

6. PLEADING ⊕⇒248(6)—AMENDMENTS—STATING NEW CAUSE OF ACTION.

Amendment of complaint, stating that plaintiff sold goods to defendant in name of and for use of another, to show that he was "individually liable," did not state a new cause of action under Code 1907, § 5367, relating to amendments.

7. PAYMENT ⊕⇒67(4) — CANCELED CHECKS — PRESUMPTION OF PAYMENT.

In action on an account, where defendant produces canceled checks, there is a presumption that they were applied on the account, but this is overcome by evidence of other concurrent cash transactions.

8. EVIDENCE ⊕⇒376(1)—BOOK ACCOUNTS—ADMISSIBILITY.

Where there is no evidence of its being correct, an account is inadmissible.

9. EVIDENCE ⊕⇒354(13) — BOOK ACCOUNTS — ADMISSIBILITY.

Where ledger entries were transferred regularly from blotters on which original entries were made, by persons having knowledge of the transactions, they are admissible in evidence.

10. APPEAL AND ERROR ⊕⇒1051(3)—HARMLESS ERROR—EVIDENCE.

Defendant was not injured by improper introduction of ledger into evidence, where he admitted every debit and credit, but claimed additional credits.

11. TRIAL ⊕⇒129—ARGUMENT.

An argument that, "Because we did not have the books here to show that every check had been entered in them, they say that you must give them credit for all of the checks which they have offered in evidence" would appear to be an answer to a contention, and, standing alone, cannot be said to be improper.

12. TRIAL ⊕⇒71—TIME OF EXAMINATION OF WITNESSES.

It was not error to refuse to allow a party to examine the opposing party, who had been on the stand, after verdict and judgment in aid of a motion for a new trial.

Appeal from Circuit Court, Morgan County; R. C. Brickell, Judge.

Assumpsit on an account by W. B. Bean & Co. against J. R. White. Judgment for plaintiff, and defendant appeals. Affirmed.

The following are the assignments of error referred to:

(3) Overruling demurrers to counts 5 and 6 of the complaint. (4) Overruling demurrer No. 4 to the same counts. (13) Overruling demurrer No. 8 to the complaint. (2) Overruling demurrer No. 2 to counts 5 and 6. (7) Overruling demurrer No. 2 to the complaint. (11) Overruling demurrer No. 6 to the complaint. (12) Overruling demurrer No. 7 to the complaint. (13) Overruling demur-

---

rer No. 8 to the complaint. (6) Overruling demurrer No. 1 to the complaint. (8) Overruling demurrer No. 3 to the complaint. (10) Overruling demurrer No. 5 to the complaint. The complaint contained originally four counts, claiming different items sold by plaintiff to defendant at defendant's request in the name and for the use of the different industries mentioned in the several counts.

Demurrers were as follows: (1) The count states no cause of action. (2) It is not shown that defendant promised or agreed to pay the amount claimed. (3) It is not shown but that said goods were furnished to another upon the request of defendant, and it is not shown that the request to furnish said goods was in writing. (4) It is shown that the amount claimed was paid by credits entered in defendant's favor prior to the institution of this suit. (5) Defendant cannot determine from said complaint what amount is claimed, or is due by defendant to plaintiff. (6) In the fourth count of said complaint, plaintiffs claim various and different sums as being due by defendant, and admit payment of $492.84, which payments are admitted to have been entered on the several accounts, the basis of said complaint, but do not state what amount or how much credit was given upon each of said accounts. (7) The credits admitted in said complaint more than pay off and satisfy any one demand claimed in any one count of the complaint, and said complaint does not advise defendant as to which demands the several credits so admitted are to be credited upon. (8) The complaint contains four counts, each setting out a separate and distinct demand, and plaintiff admits in said complaint that defendant has paid $492.84, which exceeds any one demand counted upon in said complaint, and the complaint fails to state what part of said credit has been entered or given upon any or either of the demands sued for, so that defendant is not advised as to the amount claimed on any or either of the demands mentioned in said complaint.

The complaint was afterwards amended by the additions of counts 5 and 6 which claim for goods, wares, and merchandise sold by plaintiff to defendant in the name of the Hartsell Electric Light Company, by J. R. White for Charles Orr, by J. R. White individually, and for the Hartsell Head & Stave Mill, during the years 1911, 1912, 1913, and 1914, and for another an additional amount sold by plaintiff to defendant during the same years in the name of the Hartsell Electric Light Company, and Hartsell Head & Stave Mill, on which defendant had paid the sum of $492.84, leaving a balance due of $244.60, and plaintiff avers that defendant is individually liable to plaintiff for said goods so sold to defendant as aforesaid.

Sample & Kilpatrick, of Cullman, for appellant. O. Kyle, of Decatur, for appellee.

SAMFORD, J. [1] Where the plaintiff sold goods to the defendant, and all of the goods were charged to the defendant, though under separate heads, so as to show to what particular enterprise of the defendant the goods were purchased for, there was but one account, and the dividing of the items under different heads did not constitute them different causes of action. Therefore assignments of error 3, 4, and 13 are not well taken.

[2] The counts did allege that the accounts sued on were due at the time of the bringing of the suit, and hence the demurrer that the counts did not allege when the accounts became due was not well taken.

[3, 4] Assignments of error 2 and 7 are based upon the action of the court in overruling the demurrers to counts 5 and 6, the specific ground being that the counts failed to allege that the defendant purchased the goods and agreed to pay for them. The counts claim for balance due on account for goods, etc., "sold by plaintiffs to defendant," and allege that defendant is "individually reliable." We take it that "reliable" is a misprision, and was intended for "liable." That being the case, the cases of Smythe v. Dothan F. & M. Co., 166 Ala. 253, 52 South. 398, Kelly v. Burke, 132 Ala. 235, 31 South. 512, and Dixie Ind. Co. v. Manly, 2 Ala. App. 365, 57 South. 49, are not in point, there being sufficient facts alleged out of which an implied promise arose. Kelly v. Burke, Admr., supra.

[5] As was said supra, where a party purchases goods from another and is bound for all the articles purchased, it constituted but one account, although for convenience the items may have been divided into different heads, designated differently, and a payment made goes to a reduction of the whole account. Hence assignments of error 11, 12, and 13 are not well taken. What we have already said disposes of assignments 6, 8, and 10.

[6] The amendment to the complaint was allowable under section 5367 of the Code. They stated no new cause of action, as is contended in assignments 5 and 14.

[7] The judgment was based almost entirely upon the testimony of plaintiff, who testified to the correctness of the account, and then admitted certain other credits which, when calculated, make the amount for which the judgment was rendered by the jury. It is true that the defendant introduced certain canceled checks, made payable to plaintiff, for which defendant did not have credit on the account, but plaintiff testified that these checks were either cash items or applied to other transactions, and there was an entire absence of any evidence other than the checks themselves, going to show, or even tending to show, that the checks were given as payments on the account. Defendant did not so testify, nor was there anything on the

checks to so indicate. In the absence of such evidence, and with evidence of other transactions between the parties during the existence of the account, in which checks were given in no way connected with the account, the presumption would not be indulged that the checks were payments on the account. 5 R. C. L., p. 486, subhead 9. The case of Masser v. Bowen, 29 Pa. 128, 72 Am. Dec. 619, is not in conflict with this view.

From what has been said above, it follows that the court did not err in its refusal to give the charges in writing as requested by the defendant, and in giving the charges requested by the plaintiff, all of these charges relating to the presumption to be indulged from the checks offered in evidence. If these checks had been offered and received in evidence without explanation, other than that there was an account against the defendant, and that the checks were given and the money received by the plaintiff, the presumption of payment would have arisen, and refusal to give the charges would have been error. Masser v. Bowen, 29 Pa. 128, 72 Am. Dec. 619; Nay v. Curley, 113 N. Y. 576, 21 N. E. 698. But where it is shown, as in this case, that there was a course of dealing between the parties involving other transactions, during the time covered by the account, involving the purchase of goods paid for and not charged, the cashing of checks for the accommodation of defendant, the making of temporary loans and the repayment by check, without entry on the account, whatever presumption there might be was overcome by the concurrent facts and circumstances. It is to be remembered that the presumption, even when indulged, is one of fact, a mere rule of argument proceeding from convenience, the common experience being that a check drawn on a bank of deposit is much more frequently a means of payment than otherwise; and the presumption is overcome by proof of circumstances from which it may fairly and reasonably be inferred that the transaction was otherwise. Boswell v. Smith, 6 C. & P. 60; Park v. Miller, 27 N. J. Law, 338; Stimson v. Vroman, 99 N. Y. 74, 1 N. E. 147; 5 R. C. L. p. 486.

[8] The court did not err in excluding the account for current furnished by defendant to plaintiff, there being no evidence of its correctness.

[9, 10] The court did not err in admitting in evidence pages 35 and 36 of the ledger, it having been shown that the ledger was kept in the regular course of business, and the ledger entries were transferred regularly from the blotters upon which the original entries were made contemporaneously therewith by persons having knowledge of the transactions. Donaldson v. Wilkerson, 170 Ala. 508, 54 South, 234. However, we cannot see how the defendant was injured by the admission of the ledger sheets, as the defendant admitted in open court the correctness of every item of debit as shown on the account, and admitted that he had made every payment as shown on the credit side; the claim being that he was entitled to additional credits.

[11] We cannot say that the court erred in overruling the defendant's objection and motion to exclude a statement of plaintiff's counsel in his closing argument, as follows: "Because we did not have the books here to show that every check had been entered in them, they say that you must give them credit for all of the checks which they have offered in evidence."

Standing alone, it appears to be in answer to a contention made by defendant, and for aught that appears, the trial court so viewed it.

[12] It was not error for the court to refuse to permit the defendant to examine plaintiff W. H. Bean after the verdict and judgment in this case, in aid of the motion for a new trial, with reference to the plaintiff's cashbook and scratchbook. The defendant had the opportunity and should have done this on the trial of the case. Litigants cannot be permitted to speculate on the results of trials.

From what has been said, it follows that the court did not err in overruling defendant's motion for a new trial. We find no error in the record and the judgment is affirmed.

Affirmed.