**CORONA COAL CO. v. HENDON.**
(6 Div. 581.)

(Supreme Court of Alabama. Oct. 26, 1922.
Rehearing Denied Dec. 7, 1922.)

1. **Mines and minerals 52 — Bill to enjoin use of haulways for transportation of coal held not defective as not showing equity.**

A bill to enjoin defendant "from hauling or transporting, through any of the entries or haulways in the lands described in this bill, any coal from other or adjacent lands," held not defective, as failing to aver that defendant was not in good faith mining the coal leased to its predecessors by complainant, the terms of the instrument under which defendant claimed expressly limiting its use of the land to the purpose of mining and removing all the coal therefrom "and for no other purpose."

2. **Mines and minerals 52—Bill to enjoin use of haulways held not defective as failing to show ownership of surface.**

A bill to enjoin defendant "from hauling or transporting through any of the entries or haulways in the lands, described in this bill, any coal from other or adjacent lands," averring that complainant had bargained, leased, and let to defendant's predecessor in title the lands for purpose of mining and removing all coal and for no other purpose, held not defective as failing to aver ownership of the surface, the import of the bill and the lease being that the grantor owned the land out of which he was carving the mineral rights, and that such ownership remained in him at the time of the filing of the bill.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Bill by T. S. Hendon against the Corona Coal Company for injunction. From a decree overruling demurrers, defendant appeals. Affirmed.

A. F. Fite, of Jasper, for appellant.

In order for appellee to enjoin appellant from using the openings on his lands and transporting therethrough coal mined from other lands, it was necessary that the bill aver appellant was not in good faith mining the coal leased by appellee. 193 Ala. 219, 69 South. 17. It was necessary for the bill to aver that appellee was the owner of the surface, and that the space formerly occupied by the coal had reverted to him. 193 Ala. 219, 69 South. 19; 189 Pa. 156, 42 Atl. 4; 84 Ala. 228, 4 South. 350, 5 Am. St. Rep. 368.

E. R. Lacy and Bankhead & Bankhead, all of Jasper, for appellee.

Brief of counsel did not reach the Reporter.

SAYRE, J. Complainant (appellee) filed this bill to enjoin defendant "from hauling or

transporting, through any of the entries or haulways in the lands described in this bill, any coal from other or adjacent lands." The bill avers complainant had "bargained, leased and let" to defendant's predecessors in title and interest the lands in question, "for the purpose of mining and removing all the coal therefrom and for no other purpose," and such is the recital of the instrument of lease or conveyance attached as an exhibit to the bill. The lands conveyed are described according to the government survey "together with the usual mining rights and easements." There are no express stipulations as to the use of haulways under the land or openings through the surface. The trial court overruled a demurrer to the bill.

In defendant's brief on appeal two criticisms are visited upon the chancellor's decree: (1) An averment that defendant was not in good faith mining the coal leased to its predecessors by complainant is necessary to the equity of the bill; (2) complainant shows no interest at stake because his bill fails to aver ownership of the surface.

[1] The contention first noted above is answered, in our opinion, by the terms of the instrument under which defendant claims, wherein defendant's use of the land is expressly limited to the purpose of mining and removing all the coal therefrom "and for no other purpose." Defendant's rights having been expressed in the instrument of lease or conveyance, such expression operates as a contractual limit which the court has no right to extend. Brasfield v. Burnwell Coal Co., 180 Ala. 185, 60 South. 382. Nothing to the contrary is said in Bagley v. Republic Iron & Steel Co., 193 Ala. 219, 69 South. 17, cited by defendant (appellant).

[2] The second contention likewise is answered by the bill and the instrument referred to. Their import, fairly construed, is that the grantor (complainant) owned the land out of which he was carving the mineral rights, and that such ownership remained in him at the time of the filing of the bill.

The demurrer was properly overruled. Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.