(108 So. 243)

## CRAVEN v. PHILLIPS. (6 Div. 622.)

(Supreme Court of Alabama. April 15, 1926.)

**1. Appeal and error ⚮1078(1).**

Errors assigned, but not insisted on or urged in argument, will be considered waived.

**2. Landlord and tenant ⚮248(1)—Landlord's paramount lien on crop grown for current year continues so long as property remains on premises, and follows its removal (Code 1907, § 4734 [Code 1923, § 8799]).**

Under Code 1907, § 4734, and Code 1923, § 8799, landlord's lien creating preference over all other liens on crop grown during current year continues so long as property remains on rented premises, and follows its removal therefrom.

**3. Landlord and tenant ⚮248(1)—After removal of crop from premises, landlord's lien remains paramount to all, except purchasers for value and without notice.**

Landlord's lien on crop remains paramount after its removal from premises against all, except purchasers for value, without notice, or knowledge of facts calculated to put them on notice of existence of lien.

**4. Landlord and tenant ⚮252(5)—Conflicting evidence as to knowledge of purchaser of cotton of landlord's lien held for trial court sitting without jury.**

In action against purchaser of cotton for damages for destroying landlord's lien, evidence as to defendant's knowledge of lien, being conflicting, was for court sitting without jury.

**5. Appeal and error ⚮931(1).**

Findings of fact on conflicting evidence by court sitting without jury carries same presumption as verdict of jury.

Appeal from Circuit Court, Winston County; R. L. Blanton, Judge.

Action by A. J. Craven against Lucien Phillips. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under Code 1923, § 7326. Affirmed.

Williams & Chenault, of Russellville, for appellant.

The lien of the landlord, appellant, was paramount to all others. Code 1923, § 8799. Appellee's knowledge that Adams was a tenant of appellant was sufficient to put him on notice of appellant's lien. Kelly v. Eyster, 14 So. 657, 102 Ala. 325.

Chester Tubb, of Haleyville, for appellee.

Assignments of error not argued and insisted upon are waived. Carter v. Gaines, 87 So. 109, 204 Ala. 640; Lewis v. Martin, 98 So. 635, 210 Ala. 401. After removal of the cotton from the premises, the landlord's lien was not paramount to the right of a purchaser for value and without notice. Lomax v. Le Grand, 60 Ala. 537; Bush v. Willis, 30 So.

443, 130 Ala. 395. The judgment here has the weight of a jury verdict. Yancey v. Denham, 99 So. 851, 211 Ala. 138.

MILLER, J. This is a suit by A. J. Craven against Lucien Phillips for damages for destroying his lien for rent on two bales of cotton purchased by defendant from plaintiff's tenant, and removing the cotton so the remedy for enforcing the lien for the rent was lost. The complaint alleges plaintiff owned certain land which he rented through his agents to one J. Q. Adams for the year 1920; the balance of the rent was $250, evidenced by a rent note given by Adams; the tenant Adams went into possession of the land, cultivated it, and raised three bales of cotton thereon that year; the tenant sold and defendant bought two bales of this cotton, with knowledge of plaintiff's lien for rent thereon, or that defendant before and when he purchased this cotton had information which would put him on notice and charge him with knowledge of the lien for rent; that defendant purchased the cotton from the tenant, disposed of it, and destroyed the lien of plaintiff thereon for rent, and the remedy for enforcing the lien for the rent on the cotton was thereby lost to plaintiff.

The defendant pleaded in short by consent not guilty and the statute of limitations. The court, without a jury, tried the cause and rendered judgment in favor of the defendant, and this appeal is prosecuted by plaintiff from that judgment.

[1] There are six errors assigned, but practically only one is argued and insisted on in brief of appellant; that is, the court erred in rendering judgment against plaintiff and in favor of the defendant. Errors assigned, but not insisted on and urged in argument will be considered waived. Ga. Cotton Co. v. Lee, 72 So. 158, 196 Ala. 599, headnote 6.

[2, 3] The plaintiff as landlord has a lien, which is paramount to and has preference over all other liens on the crop grown on the rented lands for the current year (1920). Section 4734, Code of 1907, and section 8799, Code of 1923. This lien of the landlord "continues in force and paramount so long as the property remains on the rented premises, and follows its removal from the premises. After removal from the premises it remains paramount against all persons, except such as, for value, without notice, or knowledge of facts calculated to put them on notice, of the existence of the landlord's lien, acquire a right to or lien upon the property." Bush & Co. v. Willis, 30 So. 443, 130 Ala. 399; Lomax v. Le Grand, 60 Ala. 537.

[4, 5] The evidence, without dispute, shows that defendant purchased from J. Q. Adams two bales of cotton in the fall of 1920, and paid him $170.18 in cash for them. The evidence for the plaintiff tends to show that the defendant before and at the time he pur-

---

chased this cotton knew Adams was a tenant of plaintiff, and had raised this cotton on this land rented from him in 1920. The evidence of the defendant is clearly to the contrary. This evidence tends to show defendant was a bona fide purchaser of the cotton from Adams without any knowledge or notice of facts calculated to put him on notice of the existence of plaintiff's lien thereon for rent.

Whether the defendant had actual or constructive notice of the existence of the lien for rent of plaintiff on this cotton before and when he purchased it was a controverted issue, and the testimony thereon was in striking conflict. The right of plaintiff to recover under this conflicting evidence was a question for the court sitting as a jury to answer and decide. Brown v. Mobile Elec. Co., 91 So. 802, 207 Ala. 61, headnote 8. The testimony was given by witnesses orally in the presence of the court. The facts found by the court from such testimony is subject to the same presumption as the verdict of a jury. McNaron v. McNaron, 99 So. 116, 210 Ala. 687; McClurkin v. McClurkin, 90 So. 917, 206 Ala. 513. The evidence on this issue was in direct conflict, presenting clearly an issue of fact for the trial court, in lieu of a jury to decide. The finding of the trial court is supported by evidence, the conclusion appears correct, and the judgment will be and is affirmed. Bell v. Blackshear, 91 So. 576, 206 Ala. 673, headnote 3.

Affirmed.

SAYRE, GARDNER, and BOULDIN, JJ., concur.