(114 So. 292)
## KALEVAS v. FERGUSON et al.
### (7 Div. 727.)

Supreme Court of Alabama. Oct. 20, 1927.

1. **Landlord and tenant** ⊜233(3)—**Submitting issue of novation and release held error, where landlord was without knowledge of release and agents had no implied authority.**

In action on rent notes where tenants claimed novation of contract whereby they were released by acceptance of other tenants in their stead, submission of issues of novation and release to jury was error, where landlord had no knowledge or notice of alleged release by his agents and evidence of agents' implied authority to release tenants was insufficient for jury.

2. **Principal and agent** ⊜101(1), 111(1)—**General authority to receive payment implies no authority in absence of principal's consent to release parties liable or substitute others.**

General authority to collect or receive payment implies no authority in absence of principal's consent to release parties liable or to substitute others in their stead.

3. **Landlord and tenant** ⊜233(3)—**Plea of tenant, resting on evidence whether payment by substituted tenant was to be credited on rent, held for jury.**

In landlord's action on rent notes where tenant claimed novation of contract releasing them and the substitution of other tenants in their stead, defense of payment, resting on question whether a check given by substituted tenant to plaintiff's agent was to be credited to the rent account, *held*, under scintilla rule of evidence, for jury.

4. **Evidence** ⊜596(1) — **Scintilla rule of evidence prevails in Alabama.**

The scintilla rule of evidence prevails in Alabama.

5. **Witnesses** ⊜142—**Testimony of corporation officer as to application of payment held admissible, where he was not interested in result (Code 1923, § 7721).**

In action on rent notes where tenants claimed novation by release by substitution of other tenants by realty agency representing landlord, on issue of whether check paid to realty corporation's president was in payment of rental account, the president was not so interested as to make his testimony inadmissible, under Code 1923, § 7721.

---

**6. Evidence ⊜⟶155(1)—Objécting to offered evidence explaining how reference to check was placed on statement held error.**

In action on rent notes where statement rendered by realty corporation, authorized to collect rents, to tenants substituted for defendants, showing crediting of check by realty corporation to substituted tenant, was admitted in evidence, excluding plaintiff's offer over defendant's objection to explain how reference to check was placed on statement *held* error as denying plaintiff right to show the remainder of transaction necessary to complete understanding, though as original testimony it was inadmissible.

**7. Appeal and error ⊜⟶1050(1)—Admitting in evidence summons and complaint in suit against defendants, brought by realty corporation's agent for plaintiff, held prejudicial error.**

In action on rent notes where defendants claimed release under agreement with plaintiff's agent by substitution of other tenants, admitting in evidence summons and complaint of suit against some of defendants, brought by realty corporation's agent for plaintiff, and an amendment striking from complaint words, "Agent for plaintiff," *held* prejudicial error, where there was nothing to show how suit terminated, what issues were presented, or how it was related to instant action.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Action on promissory notes by Nick Kalevas against T. J. Ferguson, L. E. Ferguson, and M. M. Harris. From a judgment for defendants, plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Goodhue & Lusk, of Gadsden, for appellant.

The burden of proving payment was upon defendants, and, there being no evidence tending to show payment, it was error to submit the issue to the jury. 21 R. C. L. 119; 30 Cyc. 1264. It appears from the undisputed evidence that the check of Hollingsworth was not intended to apply toward payment of the obligation sued on, thus rebutting the legal presumption that it was so given, and the check should not have been admitted in evidence, nor the issue of payment submitted to the jury. Nay v. Curley, 113 N. Y. 575, 21 N. E. 698; Stimson v. Vroman, 99 N. Y. 74, 1 N. E. 147; White v. Bean, 16 Ala. App. 330, 77 So. 924; 5 R. C. L. 486; 8 C. J. 1016. Evidence explanatory of the information given to the attorney in making up the statement is admissible. Jones on Evidence (2d Ed.) § 171; Rouse v. Whited, 25 N. Y. 170, 82 Am. Dec. 337; Lanier v. Montgomery, 18 Ala. 625; 22 C. J. 196. It was not relevant to offer in evidence the summons and complaint in the former suit between plaintiff's agent and the defendants, it not being shown what issues were tried or what dis-position was had in said former suit. Southern I. & S. Co. v. Acton, 8 Ala. App. 502, 62 So. 402. Even though a lessee assigns a lease with the lessor's assent, he nevertheless remain liable on his express covenant to pay rent. 73 W. Va. 427, 80 S. E. 781, 52 L. R. A. (N. S.) 968, note, Ann. Cas. 1916E, 786; 36 A. L. R. 316, note. A general authority to collect implies no authority to release some of the parties liable on the claim. 2 C. J. 634; 21 R. C. L. 875; Johnson v. Wilson, 137 Ala. 468, 34 So. 392, 97 Am. St. Rep. 52; Rogers v. Galloway F. C., 64 Ark. 627, 44 S. W. 454, 39 L. R. A. 636.

Alto V. Lee and O. R. Hood, both of Gadsden, for appellees.

The summons and complaint in the former suit were admissible. Richmond L. & W. Works, 119 Ala. 80, 24 So. 834. Where the lessor accepts a third party as tenant in place of the lessee, agreeing to release the latter for balance of term, the original tenant is not liable for after-accruing rent. 52 L. R. A. (N. S.) 974. A principal is bound by his agent's acts within his apparent authority, which the principal knowingly permits the agent to assume. 108 Wash. 63, 183 P. 79, 8 A. L. R. 201. Plaintiff is estopped to deny authority of the agent to release the defendants, on account of his negligence in not discovering the fact that the agent had released defendants. 12 A. L. R. 113.

GARDNER, J. Appellant is the owner of a certain storehouse in Attalla, Ala. The Attalla Realty Company is a corporation dealing in real estate, rentals, and insurance. C. B. Foreman is president of the corporation, and one Neely is manager. Acting for the owner, Nick Kalevas (appellant), the realty company leased this store for a period of 2 years to T. J. Ferguson, L. E. Ferguson, and M. M. Harris, the lease contract being reduced to writing and duly signed and notes executed by these lessees for the amount of the monthly rentals. The lease contract and notes were delivered to Kalevas upon their execution. The realty company collected for Kalevas the notes as they fell due, Kalevas delivering to the company the note for collection and the latter surrendering the note upon payment being made. The lease contract was made between the lessees and "Attalla Realty Company, Agent for Nick Kalevas," and the notes made payable "to the order of Attalla Realty Company, Agent, Nick Kalevas," and it is without dispute that the realty company was without any interest whatever in the notes or in the lease contract—merely charging a percentage on collection of the notes. This was the only transaction in which the realty company had acted for Kalevas. A number of these notes

remaining unpaid, this suit was instituted against the lessees and makers of the notes.

On behalf of defendants T. J. and L. E. Ferguson, it was insisted there had been a novation of the contract whereby they were released from liability, and one Hollingsworth accepted in their stead, and on behalf of all defendants that the notes had been paid. The issues presented by these defenses were submitted to the jury, resulting in a verdict for the defendants, and from the judgment following the plaintiff prosecutes this appeal.

[1] Considering, first, the defense of novation and release interposed by the Fergusons, we are persuaded the learned trial judge fell into error in submitting the issue to the jury. These defendants insist that just prior to the beginning of the term of the lease they verbally assigned the same to one Hollingsworth, who, with defendant Harris went into possession of the store and conducted a business therein, and paid the rent therefor so long as such business continued in existence; that the Fergusons did not occupy the premises, but, on the contrary, saw S. B. Foreman, president of the realty company, and informed him of such arrangement, whereupon it was agreed by said Foreman that Hollingsworth would be accepted in their stead, and they would be released. Foreman's denial of any such agreement is not now necessary to be considered. It is not pretended, however, that Kalevas had any knowledge or notice of any such alleged agreement, or that he had given any authority to the realty company or any one connected therewith to release any one from the lease contract and notes executed pursuant thereto.

[2] It is a well-understood principle of law that:

"A general authority to collect or receive payment implies no authority, in the absence of the principal's consent * * * to release some of the parties who are liable on the claim, or to substitute other persons in their stead." 2 Corpus Juris, 634.

See, also, Johnson v. Wilson & Co., 137 Ala. 468, 34 So. 392, 97 Am. St. Rep. 52.

As supportive of the theory of implied authority, appellees direct attention to the fact that the Fergusons did not occupy the store, but that the business therein conducted was by Hollingsworth and Harris under their partnership name, knowledge of which on the part of Kalevas may be inferred, and that they paid the rent during such occupancy, and upon their demand therefor to the realty company a statement was rendered to them in their name. But these facts are not inconsistent with the continued liability of the Fergusons on their contract and notes, and have no tendency to show any release by Kalevas from such obligations. The following rule of law as expressed in the second headnote of Kanawha-Gauley Coal & Coke Co. v. Sharp, 73 W. Va. 427, 80 S. E. 781, 52 L. R. A. (N. S.) 968, Ann. Cas. 1916E, 786, is very generally accepted by the authorities:

"Although a lessee assigns the lease with the lessor's assent, he nevertheless remains liable on his express covenant to pay rent, notwithstanding rent is accepted from the assignee, unless the lessor expressly agrees to release him and substitute the new tenant in his stead."

See, also, Keith v. McGregor, 163 Ark. 203, 259 S. W. 725, 36 A. L. R. 311, and note; Johnson v. Moxley, ante, p. 466, 113 So. 656.

It developed that Kalevas was a stockholder in the realty corporation, but very clearly this fact would have no tendency to show authority on the part of Foreman to release the Fergusons. The realty company had leased for him the store, and he held the contract and the notes, and the company collected for him the rent. It appears this was the only transaction handled by the company for Kalevas. He is not shown to have had any knowledge or notice of any release of the Fergusons, and we are unable to see that all the facts and circumstances combined sufficed to present a jury question upon the issue of implied authority.

The assignments of error challenging the rulings of the court as to this issue are well taken.

[3] Upon the defense of payment we are persuaded the issue thereon was properly submitted to the jury. It rests upon the question as to whether or not a check for $580, given by Hollingsworth to C. B. Foreman, is to be credited on the rent account. It is so credited in a statement rendered by the realty company to Hollingsworth and Harris, from whom the company had been collecting the rent—sometimes by check to the company and other times by check to C. B. Foreman. The notation on the statement as to commissions due by Hollingsworth to Foreman on the sale to one Stephens was erroneous under the undisputed proof. Foreman testified this check represented an amount due him by Hollingsworth as balance on the principal of the purchase price of property sold to Hollingsworth, and had no connection with this rental.

[4] If this be true, the plea of payment fails. The scintilla rule of evidence prevails in this state, and in view of all the facts and circumstances we think a jury question was presented. 5 R. C. L. 486; White v. Bean, 16 Ala. App. 330, 77 So. 924; Penney v. Grant, 16 Ala. App. 510, 79 So. 271.

[5] We are also of the opinion the testimony of Foreman was admissible, Hollingsworth was not a party to this suit, and his estate is not interested in the result thereof,

nor is Foreman interested so as to bring his evidence under the condemnation of section 7721, Code of 1923.

[6] The statement hereinabove referred to was given defendant Harris by Attorney Stagner, and was connected with the realty company by the testimony of Harris to the effect that Neely (manager of the realty company) had told him he had made out the statement and had turned it over to Stagner. Neely testified that this statement was not in his handwriting, but in that of Stagner. Plaintiff offered to explain by Neely how a reference to that check was placed on the statement and the information given Stagner by him in reference thereto, but defendants' objection was sustained. In this there was error. Defendants had shown a part of the transaction, and plaintiff should have been permitted to show the remainder or so much thereof as was necessary to a complete understanding, though as original testimony it may have been inadmissible. Jones on Evidence (2d Ed.) § 171; 22 Corpus Juris, 196; Lanier v. Branch Bank at Montgomery, 18 Ala. 625.

[7] We are persuaded there was error in permitting defendants to offer in evidence the summons and complaint of a suit against defendants M. M. Harris and T. J. Ferguson, brought by the "Attalla Realty Company, agent for Nick Kalevas," in September, 1924, and the amendment thereof striking from the complaint the words, "Agent for Nick Kalevas."

There is nothing to show how the suit terminated, or the issues there presented, or in what manner it was related to the case at bar. The authority of the realty company to collect the rent was not disputed, and the fact that suit had been so brought would have no tendency to show any implied authority to release any of the makers of the note. These pleadings were irrelevant to any issue presented on the trial of this cause, and should have been excluded. That this evidence was of a prejudicial character is, we think, clear, and, indeed, is not questioned in this respect.

Counsel for appellees cite authorities upon the question of authority by estoppel where the principal, by his culpable negligence, permits his agent to exercise powers not granted. Note 12 A. L. R. 113. But we are unable to find in the evidence here presented any foundation for the application of any theory of estoppel, and further discussion of this principle is therefore unnecessary.

For the errors indicated, let the judgment be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.