(117 So. 165)

PELZER v. MUTUAL WAREHOUSE CO.
(3 Div. 829.)

Supreme Court of Alabama. Jan. 26, 1928.

Rehearing Denied May 31, 1928.

1. Trial ⬅139(1)—Scintilla rule of evidence prevails in Alabama, and evidence reasonably affording inference adverse to party asking general charge requires that charge be denied.

If there is evidence reasonably affording an inference adverse to the right of recovery by party asking the general charge, general charge should not be given, as scintilla rule of evidence prevails in Alabama.

2. Landlord and tenant ⬅252(5)—Issue as to waiver of landlord's lien held for jury under evidence of landlord's failure to object to previous disposition of crop.

In action to recover damages for destruction of landlord's lien for rent on cotton grown by tenant, question whether landlord waived lien held for jury, under evidence that he had in previous years failed to object to tenant's selling cotton.

3. Landlord and tenant ⬅252(5)—Evidence of defendant's purchase of cotton from tenant during previous years without objection held admissible to prove waiver of landlord's lien.

In suit for destruction of landlord's lien, action of court in permitting defendant to show course of dealing with tenant and checks given him for proceeds of cotton sold in previous years, and that landlord never notified them not to purchase cotton or interposed any objection, held not error, since testimony was admissible and relevant on issue of implied waiver of lien.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Action by Arthur Pelzer against the Mutual Warehouse Company for damages for destruction of a lien. From a judgment for defendant, plaintiff appeals. Affirmed.

Arrington & Arrington, of Montgomery, for appellant.

The landlord had a lien, paramount to all other liens, on the crops grown on the rented lands for the current year, which lien continued in force as long as the property remained on the rented premises, and followed its removal from the premises, remaining paramount, after removal, against all persons, except such as, for value, without notice or knowledge of facts calculated to put them on notice of the existence of the landlord's lien, acquired a right to or lien upon the property. Code 1923, § 8799; Craven v. Phillips, 214 Ala. 430, 108 So. 243; Bush & Co. v. Willis, 130 Ala. 399, 30 So. 443; Lomax v. Le-Grand, 60 Ala. 537. Knowledge that crop was grown on rented land is notice of lien. Sloan v. Hudson, 119 Ala. 27, 24 So. 458; Kelly v. Eyster, 102 Ala. 325, 14 So. 657. The landlord did not waive his lien because he did not attach or attempt to exercise dominion over the cotton. Jackson v. Bain, 74 Ala. 328; Scaife v. Stovall, 67 Ala. 237; Coleman v. Siler, 74 Ala. 440. The burden of proving any waiver of lien was upon the defendant, and the intention to waive must be made obvious by plain proof. Coleman v. Siler, supra.

C. P. McIntyre, of Montgomery, for appellee.

When plaintiff consented to the sale of the cotton, or did acts negatively or positively from which his consent might be inferred that the tenant should remove and sell the crop, his right to bring this suit was lost. Coleman v. Siler, 74 Ala. 440; McCarty v. Williams, 69 Ala. 174. All attendant circumstances bearing on waiver, were admissible, and the question was properly submitted to the jury. Tuttle v. Walker, 69 Ala. 172; Coleman v. Siler, supra.

GARDNER, J. Appellant sued appellee for the recovery of damages for the destruction of his landlord's lien for rent on certain cotton raised during the year 1925 on his plantation by his tenant, one Robert Woolfolk, now deceased. The existence and extent of plaintiff's lien (Craven v. Phillips, 214 Ala. 430, 108 So. 243), and knowledge thereof on the part of the defendant (Lomax v. Le-Grand, 60 Ala. 537) was not controverted, but the defense was rested upon evidence tending to show a waiver of the lien by plaintiff. The trial court concluded this evidence was sufficient upon which to submit the question of waiver for the jury's determination, which was done, resulting in a verdict for the defendant, and from the judgment following plaintiff has prosecuted this appeal.

[1] The question of major importance on this appeal relates to the action of the court below in refusing the affirmative charge duly requested by the plaintiff. As has been often stated, the scintilla rule of evidence prevails in this state (Kalevas v. Ferguson, 216 Ala. 625, 114 So. 292), and, "if there is evidence reasonably affording an inference adverse to right of recovery by the party asking the

general charge, or from which the jury might draw an inference adverse to such party, the general charge should not be given." McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

In Tuttle v. Walker, 69 Ala. 172, it was held that a mere consent of the landlord to a removal of the crops from the rented premises is not a waiver of the lien, and in discussing the question the court said:

"If the landlord consents that the tenant should remove and sell the crops, a sale to a bona fide purchaser would operate a destruction of the lien. * * * Whenever a waiver of the lien is claimed from the consent of the landlord to the removal of the crop, all the attendant circumstances must be considered, and from them the inference drawn, whether there was an intention to waive the lien, or whether strangers dealing in good faith, upon the possession of the tenant separated from the possession of the rented premises, have been misled."

And in Coleman v. Siler, 74 Ala. 435, is the following here pertinent:

"Whether such a lien is waived, or not, is chiefly a question of intention, to be determined, like other questions of fact, by the circumstances of each particular case. This court has held, that such a lien is not impaired, as a vendor's lien would in like case presumptively be, by the landlord's taking from the tenant a note with personal security for the payment of the rent. Denham v. Harris, 13 Ala. 465. Neither, as expressly adjudged, will the mere consent of the landlord to the removal of the crops from the premises, without more, operate as a waiver. Tuttle v. Walker, 69 Ala. 172. Before the law will authorize such intention to be inferred, the rule is, that it must be made obvious by plain proof."

[2] The evidence is not voluminous, and has been carefully read and considered by the court in consultation, and the conclusion reached that the trial court correctly ruled in refusing the affirmative charge requested by the plaintiff.

No detailed discussion of the testimony will be indulged, but a brief reference to the salient features will suffice. Woolfolk had rented this same land from plaintiff for a series of years beginning in 1919, and continuing through the year 1925. He had during these years obtained his advances from defendant corporation of which James and John McIntyre were the owners and officers, and which business had been so conducted in the city of Montgomery for a number of years at the corner of Perry and Jefferson streets, and had executed mortgages upon his crop and stock to secure the same. Plaintiff knew that Woolfolk had no source of revenue other than his crop, for, as stated by the plaintiff, "that was the only thing he had." out of which to pay the rent. Plaintiff has resided in Montgomery 35 years, and had a friendly acquaintance with the McIntyre Bros., whom he frequently passed on the street, and whom he knew owned the defendant business.

The jury were authorized from the evidence to infer that plaintiff knew his tenant was securing advancement each year to finance his crop, for he was acquainted in a general way at least with the tenant's financial condition, and knew he had little property, and that he raised from 60 to 100 bales of cotton each year. From all the facts and circumstances the jury might also infer plaintiff in a very general way knew something of the nature of the business of defendant, and that there was some connection in a business way between Woolfolk, the tenant, and defendant, for, in speaking of the payment of the rent notes which he left in the bank for collection each fall during his absence from the city, plaintiff stated he thought Woolfolk "paid by draft on the Mutual Warehouse or on McIntyre Bros." With the situation thus presented, plaintiff permitted Woolfolk each year to sell and dispose of his crop, and made no objection thereto. "I presume," testified plaintiff, "that he sold the cotton each of these years and paid the rent, and I made no objection to that. * * * I didn't permit him or not permit him. I may have permitted in that I didn't object." Naturally, plaintiff's only interest was the payment of the note, and he very candidly so admits in his testimony, saying:

"I suppose he sold the cotton. As long as he was paying me, I had no protest to make as to his selling the cotton. Q. For five or six years he sold this cotton and paid you in cash, and you did not object? A. Didn't make any objection. If he paid my note, I had no objection to make. Q. But you permitted him to sell it? A. I suppose I permitted him."

It appears that the same course of business was pursued each of the years, 1919 to 1925, inclusive, the defendant making advances to the tenant, taking a mortgage on the crop and stock as security, purchasing the cotton, and settling the account therewith, and paying the remainder to said Woolfolk. But no further reference to other details of the evidence is deemed necessary.

While there was no express consent by plaintiff to Woolfolk to sell the cotton crop, yet we think that it could be reasonably inferred the course of conduct pursued and acquiesced in by plaintiff during these years would very naturally lead to the conviction by Woolfolk and those dealing with him that there was implied consent to that effect, and an implied waiver of the lien thereon. We are therefore persuaded that, under the scintilla rule of evidence here prevailing, the trial court committed no error in declining to give the affirmative charge requested by the plaintiff.

[3] The only remaining assignments of er-

ror argued in brief for appellant relate to the rulings of the court on certain objections to evidence. They are all embraced in the action of the court in permitting defendant to show in a general way the course of dealing with Woolfolk each of these six years, checks given by defendant to him each year in settlement of the remainder of the proceeds of the cotton after payment of his indebtedness to defendant, and the further proof that plaintiff had never notified them not to purchase the cotton or interposed any objection. We are of the opinion the tendencies of the evidence and reasonable inference deducible therefrom, as outlined in the discussion herein of the refusal of the affirmative charge, suffice to disclose our conclusion that all of this testimony was admissible and relevant to the issue presented of an implied waiver of plaintiff's lien.

Finding no reversible error in the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.

### On Rehearing.

PER CURIAM. No question is presented in the record or brief of counsel touching any lien on the proceeds of the cotton, but the foregoing decision is rested upon a consideration of the same as here presented, relating to a destruction of the lien on the cotton and confined thereto. We are not persuaded there is error in the opinion, and the application for rehearing will be denied.

Application overruled.