109 So.2d 687

Sam BRANDWEIN, d/b/a Brandy's

v.

Dorothy ELLISTON.

I Div. 719.

Supreme Court of Alabama.

Feb. 19, 1959.

Johnston, McCall & Johnston, Mobile, for appellant.

M. A. Marsal, Mobile, for appellee.

GOODWYN, Justice.

This is a personal injury action brought in the circuit court of Mobile County by Dorothy Elliston (appellee) against Sam Brandwein, doing business as Brandy's (appellant). From a judgment rendered on a jury's verdict for $15,000 in favor of plaintiff, defendant brought this appeal after his motion for a new trial was overruled.

Defendant operated a ladies ready-to-wear store in Mobile. Plaintiff, while in the store as a customer, slipped and fell on the floor, thus causing her alleged injuries and damages. The complaint charges that her injuries and damages "were caused as a proximate consequence of the negligence of the defendant, in this: Defendant negligently maintained said floor at the place where plaintiff slipped and fell in an unsafe condition for the use of customers in the said store." There was evidence tending to show that the floor was "highly polished" and "slick as glass" from waxing. Plaintiff relies on this condition, plus evidence that her dress was stained with wax when she fell, to establish defendant's negligence in maintaining the floor. Plaintiff insists that the wax on the dress resulting from the fall is sufficient to show that an excessive amount of wax was applied to the floor and that the wax was still wet at the time of the fall, thus establishing defendant's negligence in maintaining the floor. There is evidence that the floor was waxed on the Saturday night preceding plaintiff's fall on Monday.

The defendant interposed pleas of "not guilty" and "contributory negligence." No witnesses were called by the defendant.

Defendant charges the trial court with error in the following respects:

I. In qualifying the jury as to whether any of them was an employee or stockholder of, or had any interest in, the Abe Gulp Insurance Agency. (Although the record does not disclose it, it appears from the parties' briefs that defendant's insurance coverage involved in this case was issued through this agency.)

II. In denying defendant's motion for a mistrial after plaintiff, in testifying, said that "the insurance adjuster came up" to her after she arrived at the hospital.

III. In denying defendant's request for the general affirmative charge with hypothesis.

IV. In denying defendant's motion for a new trial on the ground of excessiveness of the verdict.

## I.

█ The following occurred while the jury was being qualified by the trial court, viz.:

"Court: Are any of you gentlemen officers, agents, servants, employees or stock holders of the General Accident, Fire and Life Insurance Corporation? (no one was)

"Any further qualifications, gentlemen?

"Mr. Marsal: I would like the Court to further qualify the Jury as to whether any of the Jurors are employees of Mr. Abe Gulp, Insurance Agent.

"Mr. Johnston: I'm going to object to that.

"Court: Just one second, gentlemen, suppose you come up here where the Jury can't hear you. (At this point, the counsel and Judge discussed the subject of the last qualification out of hearing of the Jury.)

"Court: Are any of you employees or stock holders, or have you an interest in the Abe Gulp Insurance Agency?

"Mr. Johnston: If Your Honor please, I wish to take exception to that qualification.

"Court: Very well. No one has answered, so it is all right. Any further qualifications, Gentlemen? (There were none)"

█ We find no reversible error in the action of the trial court in qualifying the jury. Code 1940, Tit. 30, § 52; Hudson v. Stripling, 261 Ala. 196, 201, 73 So.2d 514; Avery Freight Lines, Inc. v. Stewart, 258 Ala. 524, 526, 63 So.2d 895; Vredenburgh Saw Mill Co. v. Black, 251 Ala. 302, 306–307, 37 So.2d 212; Gammill v. Culverhouse, 217 Ala. 65, 66, 114 So. 800; Citizens' Light, Heat & Power Co. v. Lee, 182 Ala. 561, 581, 62 So. 199. In the Avery Freight Lines case it is stated [258 Ala. 524, 526, 63 So.2d 896]:

"* * * [W]e think it is in the discretion of the judge whether he will question the panel of jurors as to matters which tend to show interest or bias not amounting to disqualification, and that whether or not he is requested by counsel to do so. * *"

## II.

The following occurred on plaintiff's direct examination, viz.:

"Q. After you arrived at the hospital, can you describe to the Jury what was done?

"A. Well, they took me and wrote me up for my name and address, and took me to X-Ray, and I remember they made two or three X-Rays, and the next thing I knew I was back on the stretcher out in the hall and, while I was lying there the insurance adjuster came up.

"Court: Wait a minute.

"Mr. McCall: We move for a mistrial. That was injected in this case for the sole purpose of prejudicing this Jury, and I move for a mistrial.

"Mr. Marsal: I submit that it was not.

"Court: Gentlemen, the statement that Mrs. Elliston made, as to the insurance adjuster, is not evidence and is not to be considered by you in this case.

"Mr. McCall: Does your Honor deny my motion for a mistrial?

"Court: I deny your motion.

"Mr. McCall: We except.

"Court: And again, Gentlemen, the statement that Mrs. Elliston made is

not to be considered by you in any way, shape or form, in arriving at your verdict."

■ Whether or not the exclusion of plaintiff's unresponsive answer concerning the insurance adjuster removed its hurtful consequences, or, notwithstanding the trial court's prompt and positive instructions to the jury, it influenced the jury's verdict, was a question presented to the trial court on the hearing of the motion for a new trial. We are unable to affirm on this record that reversible error was committed in overruling the motion for new trial on this ground. Clark v. Hudson, 265 Ala. 630, 633, 93 So.2d 138; Thorne v. Parrish, 265 Ala. 193, 195, 90 So.2d 781; Wagnon v. Patterson, 260 Ala. 297, 306–307, 70 So.2d 244; Cannon v. Scarborough, 223 Ala. 674, 676, 137 So. 900.

### III.

■■ Defendant contends that there is absolutely nothing in the record to show wherein the defendant was guilty of negligence, and that the trial court committed reversible error in refusing to give his requested general charge with hypothesis. We are unable to agree. After examining the record, it seems to us it was an issue for the jury's determination whether defendant was negligent in maintaining the floor, and, if so, whether such negligence was the proximate cause of plaintiff's injury; also, whether plaintiff was guilty of negligence proximately contributing to her injury. Our view is, from a careful consideration of all the evidence, that we would not be warranted in disturbing the jury's resolvement of these issues in favor of the plaintiff. We think there is at least a "scintilla" of evidence supporting plaintiff's charge that defendant negligently maintained the floor in an unsafe condition for the use of his customers. As stated in Alabama Great Southern Railroad Company v. Bishop, 265 Ala. 118, 123, 89 So.2d 738, 743, the rule in Alabama is that "in civil cases the question must go to the jury if the evidence or the reasonable

inferences arising therefrom furnish 'a mere "gleam," "glimmer," "spark," "the least particle," the "smallest trace"—"a scintilla" ' in support of the theory". See also: J. C. Byram & Co. v. Livingston, 225 Ala. 442, 445, 143 So. 461; Norwood Hospital v. Brown, 219 Ala. 445, 446, 122 So. 411; Pelzer v. Mutual Warehouse Co., 217 Ala. 630, 117 So. 165; Kalevas v. Ferguson, 216 Ala. 625, 627, 114 So. 292.

### IV.

Plaintiff's hospital, medical and drug expenses came to about $1,480. She was in the hospital for 57 days for the purpose of undergoing an operation on her hip (the base or neck of the femur was broken). Before being hospitalized her doctor put her "in traction" in an effort to correct the bone displacement, but this was not successful. In operating on the hip it was necessary to do a bone graft by taking bone from another part of her body. Plaintiff testified that, prior to the accident, she was earning $175 per month as a saleslady and had been unable to work since the accident. However, her doctor testified she had made a satisfactory recovery and when he last saw her (about 11 months before the trial) he considered that "she could do most anything that she wanted to." From the time of her injury to the date of trial was approximately 19 months. The loss of salary during that period was about $3,300. Recapitulating, plaintiff's claimed expenses approximated $4,780. The question is whether the balance of the verdict (approximately $10,000), as compensatory damages for her injury, pain and suffering, is excessive.

■ When there is before us a question of excessiveness of a jury's verdict there are certain well-established rules of review to be considered. As said in Louisville and Nashville Railroad Co. v. Tucker, 262 Ala. 570, 581, 80 So.2d 288, 298:

"This court has laid down the principle that a verdict will not be disturbed as excessive where the trial

**603**

court has refused to disturb the amount unless so excessive as to indicate passion, prejudice, corruption or mistake. Montgomery City Lines, Inc. v. Davis, 261 Ala. 491, 74 So.2d 923. And we have held that the correctness of a jury's verdict is strengthened when the presiding judge refuses to grant a new trial. Simpson v. Birmingham Electric Co., 261 Ala. 599, 75 So.2d 111; Gulf, Mobile & Ohio R. Co. v. Sims, 260 Ala. 258, 69 So.2d 449. Furthermore this court has said that, 'Where there was evidence which, if believed, authorized the verdict [this court] will not reverse a judgment refusing a new trial'. Montgomery City Lines, Inc., v. Davis, supra [261 Ala. 491, 74 So.2d [923] 926]; Union Central Life Ins. Co. v. Guffin, 232 Ala. 254, 167 So. 321; Ray v. Richardson, 250 Ala. 705, 36 So.2d 89; Kurn v. Counts, 247 Ala. 129, 22 So.2d 725.

\* \* \* \* \* \*

"Our cases consistently hold that the present value of a dollar as compared with its value in former years must be considered in determining whether the amount awarded by a jury is excessive. Birmingham Electric Co. v. Thompson, 251 Ala. 465, 37 So.2d 633; Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830; Magic City Bottling Co. v. Tolbert, 34 Ala.App. 516, 41 So.2d 619."

See, also, Firestone Tire and Rubber Company v. Nixon, 264 Ala. 433, 435, 87 So. 2d 829; Hudson v. Stripling, 261 Ala. 196, 203, 73 So.2d 514; Alabama Great Southern R. Co. v. Baum, 249 Ala. 442, 449, 31 So.2d 366, 372. In the last cited case it was said:

"In cases of this character, even the trial court will not set aside the verdict of the jury merely because, in its opinion, the jury gave too much or too little; and when the trial court has refused to disturb a verdict on account of the amount recovered, the appellate court is very reluctant to substitute its judgment for that of the jury and the court below. We will not do so unless the amount is so excessive, or so grossly inadequate, as to be indicative of prejudice, passion, partiality, or corruption on the part of the jury. Florence Hotel Co. v. Bumpas, 194 Ala. 69, 69 So. 566, Ann.Cas.1918E, 252; Central of Georgia R. Co. v. White, 175 Ala. 60, 56 So. 574."

■ As to the fixing of damages for pain and suffering, this court, speaking through Mr. Justice Sayre in Whitman's Fifth Ave. Garage Co. v. Ricks, 211 Ala. 527, 529-530, 101 So. 53, 55, had this to say:

"Dealing with the motion for a new trial, we need consider only defendant's contention that the damages assessed are excessive. We cannot avoid the suspicion that the jury in this case have been rather too liberal with the money of defendant; but further than that we cannot go. Defendant assumes that much of the assessment should be charged to plaintiff's illness in December, but we do not find this to be necessarily so. Whether so or not, there is no fixed standard for the admeasurement of damages in such cases. Damages for physical pain and mental anguish are in large measure discretionary, and the universal rule is not to reverse on that account unless the amount is so excessive or inadequate as to indicate prejudice, passion, partiality, or corruption—not an easy conclusion after the trial court has approved the verdict. Central of Georgia v. White, 175 Ala. 60, 56 So. 574. In the present case we conclude, though not without misgiving, that the assessment should be allowed to stand."

"Remembering that the authority vested in courts to disturb the verdict of a jury on the ground of excessive damages is one which should be exercised with great caution" (Louisville & Nashville Railroad Co. v. Tucker, supra), we are constrained to hold that the trial court's refusal to set

**604**

aside the verdict on the ground of excessiveness should not be interfered with. We are unable to say that the amount of the verdict is the result of passion, prejudice, partiality or corruption on the part of the jury, especially in view of the trial court's refusal to set the verdict aside after hearing the evidence.

There being no error to reverse, the judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.